**Lonnie McCARTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41712.**

Court of Criminal Appeals of Texas.

Feb. 26, 1969.

Rehearing Denied April 7, 1969.

B. C. Fenley, Jr., Houston, (court appointed on appeal) Russell Neisig and Jack D. Bodiford, Criminal Division, Houston Legal Foundation, Houston, assisting on brief, for appellant.

Carol S. Vance, Dist. Atty., Bill Burge and Frank Puckett, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, enhanced under Art. 63, Vernon's Ann.P.C., life.

The disposition of this appeal is governed by the decision of the Supreme Court of the United States in Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, and the opinion of this court in Townsend v. State, 427 S.W.2d 55, handed down after this case was tried.

Following a psychiatric examination of his client, appellant's court appointed counsel filed a motion alleging that he had reason to believe that appellant did not have the mental capacity to assist his counsel in the preparation and conduct of his defense, and that at the time of the offense and the present time (February 14, 1967) the appellant was suffering from such disease of the mind and memory that he did not know the nature and quality of his acts and did not know the difference between right and wrong.

When the case came on for trial on September 11, 1967, (which was after the effective date of the amendment of Art. 46.02 Vernon's Ann.C.C.P.1965, by the 60th Legislature, p. 1748) appellant, through his counsel pursuant to said statute, filed a written motion asking the court on the trial on the merits to hear evidence on the issue of insanity as of the time the alleged offense was committed and also on the issue of present insanity, and that such issues be submitted to the jury selected to try the case.

The record is silent as to any action of the court on either of these motions.

After the jury was impaneled and appellant had pleaded to the indictment, the trial court advised appellant's counsel: "You may present the issue of insanity.

"MR. BRAY (Appellant's counsel): Present *the* past insanity?

"THE COURT: The issue of present insanity, I will hear the evidence on that issue."

After the defendant's evidence was introduced, including the opinion of the psychiatrist, Heiser, based on his examination of appellant on February 10, 1967, that appellant's memory was deteriorated to such an extent as to render it impossible for him to give his counsel effective assistance in trying his case; and after the state had called Dr. George Stevens, a physician specializing in psychiatry, and he had expressed the opinion, based on his examination of appellant on February 28, 1967, and re-examination earlier in the day of the trial, that appellant was mentally competent to participate in his own defense and able to assist his counsel in preparing his defense, and did not manifest any form of insanity which would impair his ability to know the difference between right and wrong, and that he recognized the consequences of his acts; the state called C. B. Bracy, whose house was alleged to have been burglarized on or about August 6, 1966, and elicited from him evidence that appellant committed the burglary.

■ The opinion of this court in Townsend v. State, supra, construing and applying Pate v. Robinson, supra, is authority for overruling appellant's contention that Art. 46.02 V.A.C.C.P. is unconstitutional because it denies to an accused a pre-trial hearing on the issue of his present insanity, incompetency to stand trial, or inability by reason of insanity to make a rational defense.

■ Townsend v. State, supra, decided after this case was tried, is also authority requiring reversal of this conviction on the ground that the hearing granted appellant failed to satisfy due process requirements set out by the Supreme Court in Pate v. Robinson, supra.

We said in Townsend v. State:

" * * * where a timely demand or request for a preliminary hearing supported by affidavit is denied for want of consent, the trial judge is nevertheless under the duty, after the selection of the jury on the trial on the merits and preferably prior to the reading of the indictment, to forthwith afford the accused a hearing on his competency to stand trial. Under such procedure the same jury, if the defendant is found presently sane, may well pass on competency and subsequently on guilt or innocence (and even punishment), but the jury would be given the opportunity to pass on competency to stand trial uncluttered by evidence of the offense itself.

\*　　\*　　\*　　\*　　\*　　\*

"Our holding may be characterized as affording an accused when his request for a preliminary hearing on present insanity has been properly presented and refused for want of consent or approval, a procedure for the preservation of his rights under the second sentence of Art. 34, supra [Art. 34 P.C.] which will satisfy due process requirements as well."

The record on appeal, including the trial court's docket entry, reflects that "evidence on the merits of the case was heard in connection with the evidence on the defendant's plea of insanity," after which such issue was submitted to the jury and appellant was found to be sane.

The record further reflects that evidence showing the commission of another burglary in August 1966, and another in the year 1960, was also elicited by the state at the hearing on the issue of insanity.

Appellant having been deprived of his right to a hearing on the issue of his competency to stand trial, "uncluttered by evidence of the offense itself," the judgment is reversed and the cause remanded.

DOUGLAS, J., not participating.