Steven Ray ROBERTSON, Appellant,

v.

The STATE of Texas, Appellee.

No. C14-81-054-CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 10, 1981.

Terrence Gaiser, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

OPINION

JAMES, Justice.

This appeal arises out of a conviction for aggravated robbery. Punishment, enhanced by two prior felony convictions, was assessed at life imprisonment in the Texas Department of Corrections pursuant to Article 12.42(d), V.A.P.C.

At the outset we are confronted with fundamental error that requires reversal and will be the object of this opinion. The appellant contends that the trial court's charge in applying the law to the facts presents fundamental error by enlarging on the indictment. We agree.

The indictment in this case alleges that appellant did:

". . . while in the course of committing theft of jewelry owned by Roberta Mayeaux, hereafter styled the complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a firearm."

In applying the law to the facts, the court charged:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 10th day of February, A.D. 1978, in Harris County, Texas, the defendant Steven Ray Robertson, with intent to deprive Roberta Mayeaux, the owner, of her personal property, did unlawfully appropriate from Roberta Mayeaux, and that the defendant Steven Ray Robertson, in doing so, and with intent to obtain or maintain control of said property, then and there intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that the defendant, Steven Ray Robertson, in committing the foregoing acts, if you do so find, used or exhibited a deadly weapon, to wit, a firearm, then you will find the defendant guilty of the offense of aggravated robbery, as charged in the indictment, and so say by your verdict."

Appellant contends that because the court's charge would allow a conviction on a finding that the defendant unlawfully appropriated the owner's "personal property," whereas the indictment alleges the commission of theft of "jewelry," that the charge of the court enlarges on the indictment.

In *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.1979), where the question was whether the court's charge contained fundamental error when it described property by reference to the indictment, the court stated,

"This is not to say that the appellant would not have been entitled to a more detailed description of the property had he presented his objection or special requested charge to the trial court. But we note that the reference to "the property as alleged in the indictment" prevented that kind of fundamental error that is committed when the court's charge enlarges on the indictment."

In applying the law to the facts in the case at bar, the trial court's charge clearly enlarges on the indictment and because the charge also failed to at least refer to the property ". . . as alleged in the indictment," we find fundamental error.

Another serious contention is raised by appellant in his brief concerning a defendant's right to self-representation. The decision in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), is controlling and we need not reach the issue here.

The judgment is reversed and the cause remanded.