Scott Temple GRABOW, Appellant,

v.

The STATE of Texas, Appellee.

No. 04-81-00462-CR.

Court of Appeals of Texas, San Antonio.

Feb. 23, 1983.

Discretionary Review Refused May 4, 1983.

Wallace Henderson, San Antonio, for appellant.

Bill White, Dist. Atty., Alan Battaglia, Asst. Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a conviction for possession of marihuana, more than four (4) ounces. Appellant entered a plea of no contest before the court, was found guilty, and sentenced to four years' confinement plus payment of a $500.00 fine. Appellant's sentence was probated.

Appellant contends that the trial court erroneously denied his motion to suppress, his specific complaint being that he was detained and arrested without a warrant and that the evidence was seized as a result of an unlawful search warrant.

Jack Wright, a narcotics officer with the San Antonio Police Department, testified that on February 20, 1981, shortly after 3:00 p.m., he received a telephone call from an unidentified informer saying that someone was attempting to leave San Antonio Airport between 7:00 and 8:00 p.m. with an *unknown* amount of marihuana. The informer further provided Officer Wright with the name and physical description of the suspect. Immediately thereafter, Officer Wright, Detective Hester, and Detective Tackett proceeded to the airport to continue the investigation. The officers determined that appellant had a reservation on Braniff for a flight between 4:30 and 5:00 p.m. but that the reservations had been changed to a 7:40 p.m. departure that evening. Appellant was arrested at 7:35 p.m., and after refusing consent to a search of his two suitcases, he was transported to the San Antonio police station in a police vehicle. Officer Wright typed and signed the affidavit for a search warrant and subsequently the night magistrate issued the search warrant. A search of appellant's two suitcases revealed approximately twenty-seven (27) pounds of marihuana.

We believe that the questions raised on grounds of error one through nine are interrelated and merit a joint discussion. Ground of error one questions practical aspects of obtaining an arrest and search warrant; grounds of error two, three, four and five complain that the arrest and seizure were without probable cause; grounds six, seven and eight allege that the affidavit used in obtaining the search warrant was defective because of false statements and misrepresentations. Ground of error nine alleges the search warrant was invalid on its face.

■ First we determine that appellant had a legitimate expectation of privacy as to the two suitcases searched, which constituted his property in his possession and control. "A defendant must establish a legitimate and reasonable expectation of privacy in the premises searched and property seized." *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *Riojas v. State,* 530 S.W.2d 298 (Tex.Cr.App.1975).

■ The warrantless arrest, affidavit and search warrant questions are cause for concern in view of the allegations that Officer Wright made false statements in his affidavit for the search warrant. In this context we address appellant's complaint that the officers had opportunity and sufficient time to obtain an arrest warrant. The State has the burden of proving the legality of a warrantless arrest. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Hooper v. State,* 533 S.W.2d 762 (Tex.Cr.App.1976). Officer Wright testified on cross-examination that the "informant believed he would be leaving somewhere between 7:00 and 8:00."

Q: Okay. So that you received the information then at 3:00 in the afternoon, 3:15, and 7:00 to 8:00 would be four to five hours later, wouldn't it?

A: Yes, sir.

Q: You are telling this Court you didn't have time to step downstairs from the narcotics office to one of the magistrate's offices, of which there are three in the building which you are in, didn't have time to go ask for a search warrant?

A: At that time I didn't have enough that I felt to draw a search warrant for. There was a lot of things I had to corroborate, first, such as if the man was actually going, what airline, where he would be . . . .

Officer Wright further testified that there were two other officers with him and that no effort was made to obtain a warrant from any district judge, county court judge or Justice of the Peace saying: "So we did not attempt, at that time, to get a search warrant. What we intended to do was to ask the man if he would voluntarily open his suitcases and if he didn't then we would try to obtain a search warrant."

■ Thus, we must look at the total testimony of Officer Wright in making a determination of the practical circumstances which precluded the officer from obtaining a warrant. In order for a warrantless ar-

rest to be justified, the State must show the existence of probable cause at the time the arrest is made, and the existence of circumstances which made the procuring of a warrant impracticable. "Where probable cause is lacking, *the challenged search will not be upheld merely because the exigencies of the situation precluded the obtaining a warrant.*" (Emphasis added.) *Brown v. State,* 481 S.W.2d 106 (Tex.Cr.App.1972). *See Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1967).

■ In Texas, a peace officer is authorized to make an arrest without a warrant under the provisions of Tex.Code Crim.Pro. Ann. art. 14.04 (Vernon 1977):

Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, *that a felony* has been committed and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused. (Emphasis added.)

Officer Wright testified on direct examination that the informer told him, "Someone was attempting to leave San Antonio airport with *an unknown amount of marihuana,*" and later on cross-examination the following testimony was given:

Q: Did you say that the informer told you that there would be an unknown quantity of marihuana in the suitcases?

A: Yes, the informant didn't weigh it or anything, had no idea exactly how much was there.

Q: So, his wording to you was an unknown quantity of it?

A: I believe his wording was *two suitcases full of marihuana....* (Emphasis added.)

Exhibit number one, which was Officer Wright's handwritten report, and exhibit number two, a supplementary report, were admitted as evidence. Officer Wright was cross-examined on these reports.

Q: Nowhere on here do you state that the informer told you that there would be two suitcases full of marihuana do you?

A: No. I don't say that anywhere.

* * * * * *

Q: Officer Wright, in the reports that you have written, that is the exhibits that have been entered here, either by the defense or by the State, you have put into those reports the information that you received and all things that happened, ... is that correct?

A: Yes, I put in my report the things that happened. Yes.

Q: All right, sir. And certainly I don't think you would add anything to the report or delete anything from it, would you, sir?

A: Not intentionally; no sir.

We find that officer made another inconsistent statement with reference to the marihuana. State exhibit number three, which was duly admitted as evidence, was the affidavit of Officer Wright used to obtain the search warrant. The officer swore under oath that the informer saw a controlled substance, to-wit: *a usable amount of marihuana* in appellant's possession. The officer's contradictory, inconsistent and certainly suspect statements of the informer's tip that appellant possessed (1) an unknown quantity of marihuana; (2) two suitcases full of marihuana; and (3) a usable amount of marihuana cannot be considered as justification for a warrantless arrest of appellant under Tex.Code Crim.Pro.Ann. art. 14.04 (Vernon 1977). There was no conclusive showing that a felony had been or was about to be committed.

■ The other justification for the warrantless arrest would require a determination that the informer's tip, together with the officer's investigation, provided probable cause for the detention and arrest of appellant. The detention is justified if the law enforcement officer has *specific, articulable facts,* which in light of his experience and general knowledge, together with ra-

tional inferences from those facts would reasonably warrant the intrusion on the freedom of the citizen stopped for further investigation. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Here, the record is completely void of any information as to *how, when,* and *where* the informer saw the marihuana. In *Milton v. State,* 549 S.W.2d 190 (Tex.Cr.App.1977), the informer's tip was "that he [the informer] had personally observed the heroin in appellant's possession within the last 24 hours...." Also in *Almendarez v. State,* 460 S.W.2d 921 (Tex.Cr.App.1970), *cert. denied,* 402 U.S. 974, 91 S.Ct. 1663, 29 L.Ed.2d 139 (1971), the informer provided the officer with specific information including the license number of the vehicle appellant was driving. In the instant case, Officer Wright, the only witness used to discharge the State's heavy burden, clearly stated his information was not sufficient to obtain a warrant, saying, "There was a lot of things I had to corroborate."

■ The officer's investigation at the airport shows that appellant had a scheduled reservation on Braniff Airlines but had changed his departure time to 7:40 p.m. It is not unusual for a plane passenger to change his departure time, and we cannot conclude that in this case the action of appellant constituted such an unusual activity as to give the officer reasonable suspicion that a crime would be committed and to justify the detention and arrest of appellant without a warrant. *See Terry v. Ohio, supra.* The same is true as to the alleged furtive movements that appellant turned white and seemed nervous. The law requires more than a mere furtive gesture to constitute probable cause for a search or arrest. *Beck v. State,* 547 S.W.2d 266 (Tex.Cr.App.1976); *Smith v. State,* 542 S.W.2d 420 (Tex.Cr.App.1976). The officers took appellant and his two suitcases into custody upon his arrival at the airport. Appellant refused to consent to a search of his suitcases whereupon he was handcuffed and a pat down search was made of his person. We further note that the officers did not smell or see marihuana, and that appellant did not attempt an escape and did not resist arrest.

■ The facts here are analogous to *Dunaway v. New York,* 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979), where an informer sent police a tip implicating the petitioner with the crime by giving his *name and description;* a police detective then personally met with the informer, but learned nothing that supplied *enough information to get a warrant for petitioner's arrest.* The petitioner was taken into custody without a warrant, transported in a police vehicle to the police station for interrogation where after given a *Miranda* warning, gave a confession. The United States Supreme Court held: "Detention for purposes of interrogation is in important respects *indistinguishable from traditional arrest.*" (Emphasis added). We find that the State has failed to discharge their burden of proving the existence of probable cause to justify the arrest of appellant without a warrant.

Appellant's motion for an evidentiary hearing was predicated on the mandate of the United States Supreme Court in *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), which permitted an attack on the veracity of a search warrant affidavit. In *Ramsey v. State,* 579 S.W.2d 920 (Tex.Cr.App.1979), the Court of Criminal Appeals approved a challenge to deliberate falsehood or reckless disregard for the truth of statements in the affidavit for a search warrant. The Court noted that although no affidavit or other written support was offered, the trial court accepted defense counsel's statement as a bill of exception.

■ The affidavit of Officer Wright used to obtain the search warrant recites in relevant part,

Affiant did on the 20th day of February 1981 receive information from a credible and reliable person who has on previous occasions given affiant information regarding the trafficking in controlled substances which has proven to be true and correct, but whose identity cannot be revealed for security reasons, that he the

said credible and reliable person did on the 20th day of February 1981 see a controlled substance, to-wit: a useable amount of marihuana unlawfully possessed by the aforesaid Scott Grabow and he further states that the marihuana would be in the above described suitcases and that Scott Grabow had a reservation on Braniff Airlines to go to Oklahoma City and would be at the Braniff Airlines ticket counter in possession of the above described suitcases to pick up his ticket just prior to departure time, which is 7:40 p.m. CST 2–20–81.

First we note that the affidavit contains no other allegation as to how, when or where the informant gained his information; thus excising this portion would render the affidavit insufficient. *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Officer Wright was cross-examined as to alleged discrepancies between the information set out in the affidavit and that set out in his offense and investigation reports admitted into evidence as State's exhibit number one and State's exhibit number two.

Q: Nowhere on here do you state that the informer told you that there would be two suitcases full of marijuana do you?

A: No. I don't say that anywhere.

&ast; &ast; &ast; &ast; &ast; &ast;

Q: I want you to go through those reports and find any indication in there, officer, where you have written or noted that the informer told you that he did see Scott Grabow in possession of marijuana....

A: I don't believe it does in any of them.

Officer Wright on direct examination refers to an *unknown amount* of marihuana, on cross-examination to *two suitcases full* of marihuana, and on the affidavit *a usable amount* of marihuana. Further discrepancies were revealed on cross-examination:

Q: And that Scott Grabow had a reservation on Braniff Airlines to go to Oklahoma City and would be at the

Braniff Airlines ticket counter in possession of the above described suitcases to pick up his ticket just prior to departure time. You swore to that before the magistrate, didn't you?

A: Yes.

Q: You were indicating to him, then, the suitcases would be out at the airport at the time you were signing this?

A: The suitcases were in my office at the time I signed that.

The affidavit states that affiant received information from a credible and reliable person who had on previous occasion given information to trafficking in controlled substances which were proven to be true and correct. The credibility of the informer becomes irrelevant when it is clearly shown that the officer made direct statements of fact that were false, and attributed statements to the informer that were false in that they were never made. *See Juarez v. State,* 586 S.W.2d 513 (Tex.Cr.App.1979). In his affidavit Officer Wright stated that the informant made the following direct statement of fact, "... that the two suitcases, one a red American Tourister and the other a grey Airways with the initials SJG and Scott Grabow to be found at the Braniff Airlines ticket counter at the San Antonio International Airport at 9700 Airport Blvd." This was false in that, as Officer Wright later testified, the informant did not give him such detailed information.

We conclude, therefore, that affiant's search warrant affidavit contains false statements made knowingly and intentionally or with reckless disregard for the truth. The remaining assertions of the informer's credibility are insufficient to establish probable cause. Accordingly, we find that the search warrant should be voided and the fruits of the search excluded. We do not reach appellant's other grounds of error.

Reversed and remanded.