Steven Ray **ROBERTSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–81–054–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 27, 1985.

Tereence Gaiser, Houston, for appellant.

John B. Holmes, Dist. Atty., James Brough, Asst. Dist. Atty., Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

Steven Ray Robertson pleaded not guilty to the charge of aggravated robbery. The jury found him guilty and the court sentenced him to life imprisonment. He appeals bringing fourteen grounds of error. The appellant challenges (1) the jury charge because it varies from the indictment; (2) the trial court's failure to hold a suppression hearing after the appellant argued a search warrant was issued on false statements; (3) the introduction in evidence of the appellant's confession which he argues was involuntarily made; (4) the trial court's overruling the appellant's motion to represent himself pro se; (5) the trial court's admitting, at a competency hearing, evidence of the court's rulings on earlier motions by the appellant. We find no error and affirm.

Mrs. Roberta Mayeaux, the complaining witness, was robbed by a man and woman brandishing firearms at her townhouse on February 10, 1980. Thereafter, the police

presented a photo array from which Mrs. Mayeaux and her nurse, Mrs. Jewel Coleman, identified the appellant as one of the perpetrators. With this information and with a tip from Mrs. Robertson, the police obtained a search warrant for the appellant's residence. The appellant was home at the time of the search, and when police found property belonging to Mrs. Mayeaux, they arrested the appellant. While in custody, the appellant gave a written statement admitting the offense. Trial was to a jury. The jury found the appellant guilty and found that the defendant had two prior felony convictions. The court sentenced him to life imprisonment.

In his first three grounds of error and in his pro se brief, the appellant challenges the court's charge to the jury because it varies from the indictment. The indictment alleges as follows:

> Defendant...did then and there unlawfully ... while in the course of committing theft of jewelry owned by Roberta Mayeaux, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a firearm.

The court charged the jury as follows:

> Now if you find from the evidence beyond a reasonable doubt that on or about the 10th day of February, A.D. 1978, in Harris County, Texas, the defendant, Steven Ray Robertson, with intent to deprive Roberta Mayeaux, the owner, of her personal property, did unlawfully appropriate from Roberta Mayeaux said property belonging to Roberta Mayeaux, and that the defendant, Steven Ray Robertson, in so doing, and with intent to obtain or maintain control of said property, then and there intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that the defendant, Steven Ray Robertson, in committing the foregoing acts, if you do so find, used or exhibited a deadly weapon,

to-wit, a firearm, then you will find the defendant guilty of the offense of aggravated robbery, as charged in the indictment, and so say by your verdict.

The appellant did not object to this charge, nor did the appellant request what he considered to be a proper charge.

The appellant challenges the jury charge because the indictment alleges a completed theft, yet the charge does not require the jury to find all of the elements of a completed theft. Specifically, the appellant argues that the charge omits the element that the defendant must have taken the complainant's property without the complainant's effective consent. He further argues that the indictment varies from the charge because it alleges the theft of *jewelry*, while the charge seeks a finding on the theft of *property*. He argues further that the charge omitted the element that the defendant must have taken the complainant's property without the complainant's effective consent.

Earlier, we found fundamental error, citing *Cumbie v. State,* 578 S.W.2d 732 (Tex.Crim.App.1979), and reversed in spite of the appellant's failure to object to the charge at trial. *Robertson v. State,* 625 S.W.2d 811 (Tex.App.—Houston [14th Dist.] 1981, pet. granted). *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984) overruled *Cumbie,* and the Court of Criminal Appeals therefore reversed our earlier decision and remanded this cause for our consideration in light of *Almanza.*

In *Almanza,* the Court of Criminal Appeals stated:

> [I]f no proper objection was made at trial and the accused must claim that the error was "fundamental," he will obtain a reversal only if the error is so egregious and created such harm that he "has not had a fair and impartial trial"—in short "egregious harm."

> [T]he actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.

We conclude that the appellant had a fair and impartial trial. Both Mrs. Mayeaux and Mrs. Coleman unequivocally identified the appellant as a gun-wielding perpetrator of the robbery. Police officers found particular items belonging to the complainant in the appellant's apartment. Furthermore, the appellant admitted in his written statement that he committed the offense. The defects in the court's charge had no detrimental effect on the appellant's trial. Appellant's grounds one through three and the ground contained in his pro se brief are overruled.

Appellant's grounds of error four through six challenge the trial court's refusal to allow the appellant to produce evidence of false information on which the search warrant was based. To be entitled to a hearing, and thus to produce evidence on the falsity of an informant's statements, the appellant must (1) allege and offer proof of deliberate falsehoods or reckless disregard for the truth and (2) the affidavit, setting aside the allegedly false information, must otherwise be devoid of facts showing probable cause for the search warrant. *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Thus, a trial court does not err in refusing an appellant's offer of evidence when the affidavit, absent the allegedly false statements, contains facts sufficient to support a finding of probable cause. Further, once an appellant has made the required allegation and offer of proof of falsity, a search warrant may be upheld if the underlying affidavit, without the challenged information, is sufficient to support a finding of probable cause. *Grabow v. State*, 646 S.W.2d 953, 958 (Tex.App.—San Antonio 1983, pet. ref'd).

Because the appellant has challenged the veracity and sufficiency of the affidavit, we feel it necessary to set it out in full.

THE STATE OF TEXAS §

                 AFFIDAVIT FOR SEARCH
                 WARRANT

COUNTY OF HARRIS §

I, C.J. Davis, a Houston Police Officer assigned to the Burglary and Theft Division, do solemnly swear that I have reason to believe and do believe that STEVEN RAY ROBERTSON, a white male, DOB 7/29/48, is currently in possession of stolen property to-wit: one fur coat, one traveling bag and one wooden figurine within a premises in Harris County, Texas, namely, within the apartment of the aforesaid Steven Ray Robertson, the location of which is 1412 Hawthorne, apartment #6, Houston, Harris County, Texas.

My belief aforesaid is based upon the following facts:

Your affiant was recently assigned the investigation of a residential burglary and robbery which had taken place at a townhome owned by Mrs. Dale Mayeaux located at 7655 South Braeswood, #30 on February 10, 1978. In investigating this case, your affiant ascertained from Mrs. Mayeaux, and a domestic worker who worked within Mrs. Mayeaux's home, namely Mrs. Jewel Coleman, that a middle aged white male and a young female had broken into the Mayeaux's townhome on the aforesaid date and had stolen approximately $75,000.00 worth of personal property, including a mink stole bearing the initials "JDF", a traveling bag bearing the same initials and a wooden figurine in the shape of a tiger. Both Mrs. Mayeaux and Mrs. Coleman saw the aforesaid male and female who conducted this burglary, due to the fact that they were both present during the course of the same.

On June 1, 1978, your affiant had a conversation with an individual named Lisa Robertson who advised your affiant that she was married to Steven Ray Robertson. Mrs. Robertson advised your affiant that Steven Ray Robertson, her husband, had recently beaten her and that she had moved away from their home address which was an apartment, the address of which was 1412 Hawthorn, Apartment #6 in Houston, Texas. On that date, she advised your affiant that Steven Ray Robertson had, along with a white female named Miriam Bundrant, burglarized the townhome belonging to Mrs. Dale Mayeaux. In this conversation, Mrs. Robertson advised your affiant that, shortly before the date of the burglary, Steven Ray Robertson had driven her around the area wherein Mrs. Mayeaux's townhome was situated and had advised her that these townhomes would be a good area for a burglary. Shortly after the aforesaid burglary, Steven Ray Robertson told Mrs. Robertson that he had in fact burglarized one of the townhomes in that area and that he had been assisted by a white female named Miriam Bundrant. Mrs. Robertson further advised your affiant that her husband, Steven Robertson, brought the stolen property emanating from this burglary to their apartment, being apartment #6 at 1412 Hawthorn in Houston, Texas, right after the burglary was committed. Mrs. Robertson also advised your affiant that, shortly after Steven Ray Robertson brought the aforesaid stolen property to their apartment, he started to fence the same. She did advise your affiant that Robertson still had at their apartment the following items which had come from the aforesaid burglary: one fur coat bearing the initials "JDF", one traveling bag bearing the initials "JDF" and a wooden tiger figurine. Mrs. Robertson advised your affiant that she had personal knowledge of this, due to the fact that she lived in the aforesaid apartment and observed the aforesaid pieces of property, and was advised by Steven Ray Robertson that these had come from the aforesaid burglary. She related to your affiant that the aforesaid pieces of property were still in the aforesaid apartment which she and her husband maintained, when she moved out during the last week in May.

Based upon the foregoing information, your affiant secured from the Houston Police Department Records Division mug shots on Steven Ray Robertson and Miriam Bundrant. Steven Ray Robertson is a two time ex-convict for rape and burglary. Bundrant is on five years probation for burglary. Your affiant took the aforesaid mug shots and showed them, in a photo display, to Mrs. Mayeaux and Mrs. Coleman. Mrs. Mayeaux picked Steven Ray Robertson's picture out of the photo display as being the man involved in the aforesaid burglary. Mrs. Coleman picked Bundrant's picture out of the aforesaid photo display, as being the female involved in the aforesaid burglary. Moreover, Mrs. Mayeaux advised your affiant that taken in the aforesaid burglary were the following items: one fur coat bear-

ing the initials "JDF", one traveling bag with the initials "JDF" and one wooden tiger figurine. Mrs. Mayeaux advised your affiant that the initials "JDF" were those of her mother-in-law from whom she had inherited the fur coat and traveling bag.

WHEREFORE PREMISES CONSIDERED, your affiant would respectfully request that a warrant issue authorizing your affiant or any peace officer to forthwith search the aforesaid premises with authority to seize all stolen property, including but not limited to, the aforesaid fur coat, travel bag and wooden tiger figurine which may be found therein.

---

J. C. DAVIS, AFFIANT

SWORN TO AND SUBSCRIBED BEFORE ME, on this the 6 day of June, A.D. 1978.

---

HONORABLE LAURENCE WAYNE, JUDGE
Justice of the Peace
Precinct 1, Position 2
Harris County, Texas

Appellant challenges the paragraph of information allegedly given the affiant by Lisa Robertson.

■ Even excluding the allegedly false statements, the affidavit in question contains facts sufficient to support a finding of probable cause. There were two eye-witnesses to the robbery. Mrs. Mayeaux identified the appellant. The affiant, the police officer investigating the robbery, obtained the appellant's address and stated the address in the affidavit. The affidavit is dated within four months of the commission of the offense. The affidavit identifies specific property that was stolen. We conclude that the affidavit reveals probable cause to believe that stolen property could be found at the appellant's apartment. Therefore, the trial court did not err in refusing the appellant's proffer of evidence.

Moreover, even if we were to find the affidavit insufficient, we would find admission of the fruits of the invalid search warrant harmless beyond reasonable doubt. *Bridger v. State*, 503 S.W.2d 801, 804 (Tex.Crim.App.1974); *Finney v. State*, 672 S.W.2d 559, 565 (Tex.App.—Austin 1984, no pet.). There is a wealth of other evidence against the appellant, including the appellant's confession and the testimony of Mrs. Mayeaux and Mrs. Coleman. We overrule appellant's grounds of error four through six.

■ Appellant's grounds of error seven through nine challenge the trial court's having admitted the appellant's written statement. The appellant claims the statement was involuntarily given. The appellant testified at the suppression hearing and alleged physical mistreatment, drug withdrawal, and promises of a light sentence induced him to give the statement. Appellant relies on the rule that whenever the testimony of an accused about persuasive or coercive acts inducing a confession is undisputed, the confession is inadmissible as a matter of law. *See Smith v. State*, 547 S.W.2d 6, 8 (Tex.Crim.App.1977); *Sherman v. State*, 532 S.W.2d 634, 636 (Tex.Crim.App.1976). His reliance is misplaced. Each of appellant's assertions were directly rebutted by testimony of the interrogating officers. *Compare Bonham v. State*, 680 S.W.2d 815, 821–22 (Tex.Crim. App.1984). In its written findings of fact and conclusions of law, the trial court found that the defendant's written statement was not made as the result of any threats, compulsion, persuasion, duress, promises, or any improper influence. The record supports these findings. *Moore v. State*, 700 S.W.2d 193, 202 (Tex.Crim. App.1985); *Bonham, supra.* We overrule appellant's grounds seven through nine.

Appellant's grounds of error ten through twelve focus on the trial court's denying the appellant's request to represent himself. After the jury was chosen but before any evidence was produced by the State, the following colloquy occurred between the court and the appellant:

THE COURT: Mr. Brink, you requested that the jury be retired so a motion may be made to the Court. You may proceed.

MR. BRINK: Your Honor, Mr. Robertson has asked that I move the Court to let him represent himself pro se in this matter. I presume he has something he wants to bring to the Court's attention. Do you, Steven?

THE DEFENDANT: I would like to take over this myself, take over this myself and represent myself. A friend of mine upstairs said I have that right if I'm charged with a crime.

THE COURT: Do you have anything further to say in the matter?

THE DEFENDANT: He wouldn't lie to me.

THE COURT: Anything else?

THE DEFENDANT: Well, I could clean it up.

THE COURT: I am just giving you an opportunity to present any testimony you want to present. Do you have anything further to say in the matter?

THE DEFENDANT: What do you mean?

THE COURT: If you have anything further to address to the Court.

THE DEFENDANT: Well, I would like to represent myself.

THE COURT: That motion is overruled.

THE DEFENDANT: How come I can't represent myself?

THE COURT: I have ruled. You may have your exception to the Court's ruling. You may confer with your counsel about it if you desire. (at this time there was a short delay in the proceedings.)

MR. BRINK: We have nothing further, Your Honor.

■ We find that the court did not err in refusing the appellant's request to represent himself. The record must clearly show that the accused voluntarily, knowingly, and intelligently waived his right to counsel in order to assert his right to represent himself. *Webb v. State*, 533 S.W.2d 780, 785 (Tex.Crim.App.1976). A waiver will not be presumed from a silent record. *Robles v. State*, 577 S.W.2d 699, 703 (Tex. Crim.App.1979). The court prompted the appellant four times, yet the appellant did not request that counsel be dismissed. We cannot say that the appellant waived his right to counsel. Therefore, the appellant's request to represent himself was a request for hybrid representation. There is no right to hybrid representation. *Rudd v. State*, 616 S.W.2d 623, 625 (Tex.Crim. App.1981); *Landers v. State*, 550 S.W.2d 272, 280 (Tex.Crim.App.1977). We overrule appellant's grounds of error ten through twelve.

■ Finally, appellant's grounds of error thirteen and fourteen contend that the trial court erred in admitting into evidence at the appellant's competency trial evidence of the court's rulings on pretrial motions. Appellant, citing *McCarter v. State*, 438 S.W.2d 575 (Tex.Crim.App.1969), asserts that admission of this evidence violates the rule that an accused is entitled to a hearing on his competency to stand trial uncluttered by evidence of the offense itself. In *McCarter*, the State elicited evidence of the robbery through the complaining witness. Here, the State tendered no evidence of the offense; the State merely sought to prove that the court had overruled certain of the appellant's pretrial motions. Admission of testimony on the court's prior ruling did not infringe upon the appellant's right to have an incompetency hearing uncluttered by evidence of the offense.

Moreover, the State introduced testimony on the court's prior rulings in an attempt to prove a motive, other than insanity or suicide, for the appellant's having previously slit his wrist in open court. The witness, appellant's attorney at trial, testified that the rulings had gone against the defendant and made his defense very difficult, if not untenable. We find this evidence highly relevant to the issue of the appellant's competence to stand trial. The trial court correctly allowed it into evidence. We overrule appellant's grounds of error thirteen and fourteen.

The judgment of the trial court is affirmed.