Robert MUNIZ

v.

STATE of Texas.

No. 04–91–00583–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 9, 1992.

Nancy B. Barohn, San Antonio, for appellant.

Steven C. Hilbig, Criminal Dist. Atty., Scott Sullivan, Phil Kazen, Alan E. Battaglia, Asst. Crim. Dist. Attys., San Antonio, for appellee.

Before CHAPA, BIERY and GARCIA, JJ.

OPINION

CHAPA, Justice.

The opinion delivered November 30, 1992 is withdrawn and the following opinion is substituted therefore.

Appellant, Robert Muniz, appeals a conviction for the offense of Possession of Cocaine Under 28 Grams after a plea of guilty. Punishment was assessed at a term of eight (8) years' confinement. However, punishment was suspended and probation was granted.

The issues before this court are:

1) whether the trial court committed reversible error in not granting a full *Franks v. Delaware*[1] hearing; and

2) whether the trial court committed reversible error in denying appellant's motion to suppress because the search warrant affidavit failed to establish probable cause for its issuance.

■ Initially, appellant contends that the trial court committed reversible error in not granting him a full *Franks* hearing. In *Franks v. Delaware*, the Supreme Court of the United States clearly set out the burden which must be met by an accused before a hearing is required on assertions against a search warrant affidavit:

In sum, and to repeat with some embellishment what we stated at the beginning of this opinion: There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically

1. *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any non governmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.

*Id.*, 438 U.S. at 171–72, 98 S.Ct. at 2684.

Moreover, "[t]he trial judge is the sole fact finder at a [*Franks*] hearing on a motion to suppress and, as such, he may choose to believe or disbelieve any or all the witnesses' testimony." *Taylor v. State*, 604 S.W.2d 175, 177 (Tex.Crim.App. 1980).

The record reflects that appellant filed a motion for a *Franks* hearing, and attempted to comply with his burden under *Franks* by attaching an affidavit which reads as follows:

My name is Robert Muniz, and I am the defendant in *State vs. Robert Muniz,* Cause No. 91–CR–0196. I have been advised by my attorney, Ms. Nancy B. Barohn, that the affidavit in support of the search warrant issued November 9, 1990, stated that a 'reliable and credible person' saw cocaine in my home or in my possession within the 24 hours preceding the issuance of the warrant.

Because several months have passed since the search warrant was executed at my home, my recollection may not be as good as it could be for the events of November 8–9, 1990. I do not believe, however, that there was anyone who would have seen cocaine in my home within the 24 hours preceding the issuance of the warrant. I have asked my family members if they can recall whether anyone was in our house, and, to the best of everyone's recollection, no one had been there.

Clearly, this affidavit does not satisfy the prerequisites imposed by the United States Supreme Court upon appellant before a hearing is required under *Franks*. 438 U.S. at 171–72, 98 S.Ct. at 2684–85.

Further, although the record is unclear that the trial court granted the motion, the court nevertheless heard testimony on the issue from both appellant and the affiant on the search warrant. During his testimony, appellant further weakened his position by admitting that he was in fact absent from his home for several hours during the twenty-four hour period. The appellant has thus failed to show that the trial judge committed reversible error as alleged. *Franks*, 438 U.S. at 171–72, 98 S.Ct. at 2684–85; *Taylor*, 604 S.W.2d at 177.

■ Finally, appellant complains that the trial court committed reversible error in denying his motion to suppress because the search warrant was constitutionally deficient to establish probable cause for its issuance.

In *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court established the "totality of the circumstances" test to determine the constitutional sufficiency of a search warrant affidavit, which is more lenient than the two-prong test previously established by *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

In *Marquez v. State*, 725 S.W.2d 217 (Tex.Crim.App.), *cert. denied*, 484 U.S. 872, 108 S.Ct. 201, 98 L.Ed.2d 152 (1987), the Texas Court of Criminal Appeals stated the following when addressing a similar constitutional complaint about a search warrant affidavit:

Turning to appellant's constitutional claim we again find no merit. Initially, we point out that, because the affidavit in the instant case is sufficient to establish probable cause whether analyzed under the old two-pronged test established by *Aguilar v. Texas*, supra, and *Spinelli*

*v. United States,* supra, or the "totality of the circumstances" test established by *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), we need not decide whether the "totality" test will now be used under the Texas Constitution. Since this State has always used the stricter *Aguilar–Spinelli* test for analyzing probable cause under Article I, Section 9 of the Texas Constitution we will review the instant affidavit using this approach. We note that, because the old two-pronged test requires a stricter showing to establish probable cause, should the affidavit be found sufficient under this test, it will necessarily be found sufficient under the "totality" test.

*Id.* at 233.

In *Torres v. State,* 552 S.W.2d 821, 823 (Tex.Crim.App.1977), and *Young v. State,* 759 S.W.2d 680, 681–82 (Tex.App.—Dallas 1988, pet. ref'd), the courts upheld search warrant affidavits similar to the affidavit before this court, holding that probable cause had been established under the stricter two-pronged standard. Therefore, as in *Marquez v. State,* since this affidavit satisfies constitutional standards under the stricter two-pronged test, then it also satisfies constitutional standards under the more lenient "totality" test. *Marquez,* 725 S.W.2d at 233. The point is rejected.

The judgment is affirmed.