Robert MUNIZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–91–00583–CR.

Court of Appeals of Texas,
San Antonio.

Sept. 22, 1993.

Nancy B. Barohn, San Antonio, for appellant.

Steven C. Hilbig, Cr. Dist. Atty. and Alan E. Battaglia, Asst. Cr. Dist. Atty., San Antonio, for appellee.

Before CHAPA, BIERY and GARCIA, JJ.

OPINION

CHAPA, Justice.

This case raises a question about the proper procedures in this court following remand from the Texas Court of Criminal Appeals.

On May 5, 1993, the court of criminal appeals vacated this court's judgment and remanded the case for consideration of appellant's arguments that the search was illegal

under the Texas Constitution. *Muniz v. State*, 852 S.W.2d 520 (Tex.Crim.App.1993). The record was received in this court on remand on June 2, 1993. After thirty days had elapsed following remand, this court sent the following to appellant's counsel:

> This is to notify you that the appellant's brief has not been filed in this cause following the remand from the Court of Criminal Appeals. Please respond to this court within ten (10) days of the date of this notice. See Tex.R.App.P. 74(*l*)(2); *Robinson v. State*, 790 S.W.2d 334 (Tex. Crim.App.1990); *Williams v. State*, 790 S.W.2d 336 (Tex.Crim.App.1990).

Counsel responded to the notice on July 20, 1993. Counsel observed that in appellant's original brief the state constitutional issues were briefed and argued separately. Counsel stated she has not received any notice from this court directing her to file an additional or supplemental brief in this case. She stated she will provide additional briefing if this court desires. Counsel believed supplemental briefing and oral argument may be helpful to this court. Counsel asked that she be advised whether supplemental briefing is desired. Appellant, therefore, apparently chose to rely on the original brief, unless advised otherwise by this court. We declined to do so. Such a decision is for appellant's counsel to make using her professional judgment.

We take this opportunity to provide some guidance for attorneys engaged in appellate practice in criminal cases, particularly before this court, by emphasizing the proper procedures following a remand from the court of criminal appeals.[1]

In *Robinson v. State*, 790 S.W.2d 334 (Tex. Crim.App.1990), and *Williams v. State*, 790 S.W.2d 336 (Tex.Crim.App.1990), the court of criminal appeals addressed the issue of representation by counsel in the courts of appeals after remand. The two cases presented identical scenarios. The court of criminal appeals originally granted petition for discretionary review and remanded in light of *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App.1988) (parole law charge error). On remand no new brief was filed by counsel. The record did not show whether the clerk of the court of appeals notified the trial court or the parties that no brief had been filed, nor did the record show that a hearing on the lack of a brief was ordered under Texas Rule of Appellate Procedure 74(*l*)(2). Each case was affirmed on remand. In the subsequent petitions for discretionary review, the appellants maintained the courts of appeals erred in deciding the appeals on remand without allowing representation by counsel. The court of criminal appeals agreed. *Robinson v. State*, 790 S.W.2d at 335–36; *Williams v. State*, 790 S.W.2d at 337–38.

When the court of criminal appeals remands a case to the court of appeals, it is reinstated as if it were the first level of appeal. *Robinson v. State*, 790 S.W.2d at 335; *Williams v. State*, 790 S.W.2d at 337. The appellant stands in the same position as he did when the initial appeal was filed. *Robinson v. State*, 790 S.W.2d at 335; *Williams v. State*, 790 S.W.2d at 337–38.

The court of criminal appeals explained:

> The Rules of Appellate Procedure do not specifically address procedures in the courts of appeals after remand by this Court. However, because an appellant whose case is remanded to the Court of Appeals stands "in the same position as he did when the initial appeal was filed," the appellate rules apply just as though the appeal were on original submission.
>
> In this case the return of the record to the Court of Appeals was equivalent to "the filing of the transcript and statement of facts," such that appellant's counsel had

---

1. The posture of this case is not unique in this court. Every case that has been remanded to this court since the court of criminal appeals' opinions in *Robinson* and *Williams* has required that a notice be sent similar to the one in this case. We find it appropriate to set out the proper steps to be taken in a case on remand. We do not mean to single out appellant's counsel. She prosecuted her client's appeal, obtained discretionary review in the court of criminal appeals, and succeeded in having the case remanded to this court for consideration of arguments she presented on appellant's behalf on original submission in this court. The problem of briefing on remand in this case is representative of previous cases remanded to this court from the court of criminal appeals.

thirty days to file a brief for appellant. Tex.R.App.Pro. 74(k). When no such brief was timely filed, the Court of Appeals was required to inquire as to the reason for that omission. Tex.R.App.Pro. 74($l$)(2). In the absence of any brief by counsel or inquiry by the Court of Appeals it must be presumed that an indigent appellant was not represented by counsel.

*Robinson v. State,* 790 S.W.2d at 335–36; *Williams v. State,* 790 S.W.2d at 338.

■ Although *Robinson* and *Williams* concerned indigent appellants, the court's holdings apply even when appellate counsel is retained. An appellant is entitled to effective assistance of counsel on appeal. *Huff v. State,* 807 S.W.2d 325, 327 (Tex.Crim.App. 1991); *Ex parte Dietzman,* 790 S.W.2d 305, 306 (Tex.Crim.App.1990); *Ex parte Axel,* 757 S.W.2d 369, 374–75 (Tex.Crim.App.1988); *Ward v. State,* 740 S.W.2d 794, 799 (Tex. Crim.App.1987) (appellant entitled to effective assistance of counsel whether counsel is retained or appointed). Rule 74($l$)(2) requires that certain procedures be followed in the absence of a brief, whether counsel is appointed or retained. Among the duties of a trial court in a hearing under rule 74($l$)(2) is to determine, if applicable, whether retained counsel has abandoned the appeal.

The purpose of rule 74($l$)(2) and the opinions in *Robinson* and *Williams* are to ensure that appellants are represented by counsel in the court of appeals, whether on original submission or on remand. Keeping this purpose in mind, we discuss general procedures that will be followed in this court.[2]

When a case is remanded from the court of criminal appeals, this court will send out a notice to the parties informing them of the date the record has been received in this court on remand, just as notice is sent by this court when a transcript and statement of facts have been filed on original submission. Appellant's counsel then has thirty days in which to file a brief. TEX.R.APP.P. 74(k). If counsel determines that further briefing is unnecessary and wishes to stand on the original brief, counsel must make that known to this court within thirty days after the record is returned on remand.[3] If no brief or letter indicating reliance on the original brief is filed within thirty days of the return of the record to this court on remand, this court will notify counsel for the parties and the trial judge that appellant's brief has not been filed. TEX.R.APP.P. 74($l$)(2). Unless a satisfactory response is received within ten days from the notification, this court will order a hearing pursuant to rule 74($l$)(2). The State shall have twenty-five days after the filing of appellant's brief or letter relying on the original brief in which to file its brief. TEX. R.APP.P. 74(m). The case will then be submitted either on briefs or with oral argument if properly requested. TEX.R.APP.P. 75(f), 76, 78. A letter simply relying on the original brief will not be considered a request for oral argument even if the case was originally

---

**2.** The Waco Court of Appeals and Corpus Christi Court of Appeals have adopted local rules relating to the subject.

After a case is remanded to this Court from the Court of Criminal Appeals, the parties should consider filing a supplemental brief in light of recent changes in the law. The Court welcomes further assistance from counsel at this stage.

10TH TEX.APP. (WACO) LOC.R. 12.

After a case is remanded from the Court of Criminal Appeals, the attorney should consider filing a supplemental brief in light of recent changes in the law. The Court welcomes further assistance from counsel at this stage. If counsel elects not to file a supplemental brief, he should notify this court and opposing counsel of his decision not to file a supplemental brief.

13TH TEX.APP. (CORPUS CHRISTI) LOC.R. VII.

**3.** Although acceptable to this court, a letter simply relying on the original brief is not always wise as a practical matter. The time from when a brief is filed on original submission in a court of appeals until a case is remanded to that court by the court of criminal appeals on discretionary review can extend from one year to several years. By standing on the original brief, an appellant does not direct the court to recent opinions from the court of criminal appeals or the courts of appeals which may support the appellant's position. The same can be true for the State if it chooses not to file a new brief on remand. Most importantly, reliance on the original brief precludes an appellant from arguing what could be the most important opinion pertaining to the appeal: the opinion of the court of criminal appeals remanding the case.

submitted with oral argument, unless appellant requests oral argument in the letter.

Because neither the appellant nor the State has filed a new brief, this case has been submitted on the original briefs.

Appellant was convicted of possession of less than twenty-eight grams of cocaine. Appellant pleaded guilty and was sentenced to eight years of confinement, which was probated. We affirmed appellant's conviction. *Muniz v. State*, 844 S.W.2d 260 (Tex.App.— San Antonio 1992).

The court of criminal appeals vacated this court's judgment and remanded the case for consideration of appellant's points of error urging violations under the Texas Constitution. *Muniz v. State*, 852 S.W.2d 520 (Tex. Crim.App.1993). The court stated that we did not address appellant's points of error under the Texas Constitution, although appellant's arguments under the Texas Constitution were set out and argued apart from his federal constitutional arguments.

Appellant has been given the opportunity to file a new brief on remand, but has chosen not to do so. *See Robinson v. State*, 790 S.W.2d 334 (Tex.Crim.App.1990); *Williams v. State*, 790 S.W.2d 336 (Tex.Crim.App. 1990). Appellant's counsel filed a response to this court's notice that no brief was filed on remand. In her response counsel points out that, as the court of criminal appeals observed, the state constitutional arguments were set out in the original brief.

Appellant's brief presents separate arguments under the points of error. Appellant relies exclusively on federal cases in support of the points of error urging violations under the United States Constitution. Appellant relies on Texas cases under his state constitutional points.

■ Appellant contends in his second points of error that the trial court erred in not granting a full *Franks v. Delaware*[4] hearing under article I, sections 10 and 19, of the Texas Constitution. Section 10 grants numerous rights to an accused in criminal prosecutions. Appellant fails to specify which right or rights under this section were

violated. Section 19 gives Texas citizens the protection of due course of law of the land.

Appellant argues first that *Taylor v. State*, 604 S.W.2d 175 (Tex.Crim.App.1980), relied upon by the State in the trial court, is distinguishable on its facts. Nothing in *Taylor* indicates it was decided under the Texas Constitution. On the contrary, the only constitutional provision cited in the case was the fourth amendment. *Taylor v. State*, 604 S.W.2d at 178 n. 1. Appellant offers no argument concerning how *Taylor* shows the trial court erred under the Texas Constitution.

Appellant cites *Juarez v. State*, 586 S.W.2d 513 (Tex.Crim.App.1979). In *Juarez*, the appellant complained of a violation of his rights under both the federal and state constitutions. *Juarez v. State*, 586 S.W.2d at 513. The court of criminal appeals discussed *Franks v. Delaware* and the hearing requirements under the fourth amendment. *Juarez v. State*, 586 S.W.2d at 516–17. The court reviewed the record under the *Franks v. Delaware* test and concluded the search warrant was invalid. *Juarez v. State*, 586 S.W.2d at 517–18. The court of criminal appeals made no mention of the Texas Constitution in its analysis. Appellant offers no argument concerning how *Juarez* implicates error by the trial court under the Texas Constitution.

Next, appellant relies on *Grabow v. State*, 646 S.W.2d 953 (Tex.App.—San Antonio 1983, pet. ref'd). The opinion in *Grabow* does not contain any reference to the Texas Constitution.

Appellant discusses several other state cases without any indication of how these cases impact an analysis under the state constitution. Appellant's entire argument concerning the Texas Constitution follows:

Since *Heitman v. State*, 815 S.W.2d 681 (Tex.Crim.App.1991), no case has yet been decided on either the predicate requirements for a *Franks* hearing, or a defendant's burden of proof, under Texas constitutional provisions. This Court is, therefore, free to interpret the requirements of *Franks* in a more liberal manner if it is

4. *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

necessary to protect a citizen's rights under the Texas Constitution. Mr. Muniz suggest[s] that his case may be an appropriate vehicle for a re-examination of *Franks v. Delaware* in light of state constitutional provisions.

■ Appellant does not argue any violation of a particular aspect of Texas constitutional law by the trial court under the facts of this case. Appellant does not argue any predicate requirements for a *Franks*–type hearing nor a defendant's burden of proof under the state constitution. Rather, appellant extends an invitation to this court to determine the extent of a defendant's rights under the Texas Constitution when a defendant questions the truthfulness of a search warrant affidavit. When urging error under the state constitution, an appellant must offer argument or authority as to the protection provided by the Texas Constitution or as to how that protection differs from that provided by the United States Constitution. *Narvaiz v. State*, 840 S.W.2d 415, 432 (Tex.Crim. App.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). Appellant has not met his burden of showing the trial court erred under the Texas Constitution.[5]

Appellant's second point of error is overruled.

■ Appellant asserts in his fourth point of error that the trial court erred in denying his motion to suppress evidence because the search warrant affidavit was constitutionally deficient under article I, section 9, of the Texas Constitution, as it failed to establish probable cause for the issuance of a search warrant.

In urging the state aspect of his argument appellant states:

> To be sure, the Court of Criminal Appeals in *Heitman* permits the courts of Texas to provide for greater protection of its citizens under the Texas Constitution than heretofore afforded under the federal constitution. Accordingly, this Court is free to evaluate the affidavit sworn to by Deputy Gipprich in Mr. Muniz' case more expansively than under the *Illinois v. Gates*[6] test. This Court is free to conclude that an affidavit as devoid of detail as the one attested to in Mr. Muniz' case is constitutionally deficient to establish probable cause under Article I, § 9 of the Texas Constitution.
>
> \* \* \* \* \* \*
>
> In light of *Heitman*, this Court should interpret Article I, § 9 of the Texas Constitution to require that a police officer, in preparing a search warrant affidavit, provide at least some factual detail which can be corroborated either by independent police activity, or by substantial factual description.

Once more, appellant's argument is basically that because this court can interpret the Texas Constitution in a manner different from the way the United Supreme Court

---

5. For examples of the types of arguments that could be presented under the Texas Constitution and for sources which may assist an analysis under the Texas Constitution see George D. Braden, THE CONSTITUTION OF THE STATE OF TEXAS: AN ANNOTATED AND COMPARATIVE ANALYSIS (1977); James C. Harrington, THE TEXAS BILL OF RIGHTS: A COMMENTARY AND LITIGATION MANUAL (1987); Neil C. McCabe, *State Constitutional Law: Argument and Authorities*, in STATE BAR OF TEXAS, ADVANCED CRIMINAL LAW COURSE B (1992); Keith S. Hampton, *Assertion of Texas Constitutional Rights*, CRIMINAL DEFENSE LAWYERS PROJECT (October 1992); George E. Dix, *Independence in Texas Constitutional Self–Incrimination and Search Law*, 31 S.TEX.L.REV. 577 (1990); George E. Dix, *Judicial Independence in Defining Criminal Defendant's Texas Constitutional Rights*, 68 TEX.L.REV. 1369 (1990); James C. Harrington, *Framing a Texas Bill of*

*Rights Argument*, 24 ST. MARY'S L.J. 399 (1993); Cathleen C. Herasimchuk, *The New Federalism: Judicial Legislation by the Texas Court of Criminal Appeals*, 68 TEX.L.REV. 1481 (1990); Matthew Paul & Jeffrey Van Horn, *Heitman v. State: The Question Left Unanswered*, 23 ST. MARY'S L.J. 929 (1992); Arvel (Rod) Ponton, III, *Sources of Liberty in the Texas Bill of Rights*, 20 ST. MARY'S L.J. 93 (1988); Keith S. Hampton & Cynthia Lanning–Hampton, *Breaking Out of "Lock–Step": The Plain View Doctrine in Texas After Heitman v. State* (pts. 1–3), VOICE FOR THE DEFENSE January 1992, at 12, Winter 1992, at 21, April 1992, at 15; Kevin M. Wilson, *Researching the Texas Bill of Rights*, VOICE FOR THE DEFENSE Fall 1991, at 20.

6. *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

interprets the federal constitution, appellant should prevail. Appellant provides no authoritative support for his contention that the Texas Constitution requires a particular test be applied in determining whether a search warrant affidavit provides probable cause. Appellant has not shown the trial court erred under the Texas Constitution. *See Narvaiz v. State*, 840 S.W.2d at 432.

Moreover, as the State points out, prior to *Illinois v. Gates*, Texas had always used the stricter *Aguilar–Spinelli*[7] test for analyzing probable cause under article I, section 9, of the Texas Constitution. *Marquez v. State*, 725 S.W.2d 217, 233 (Tex.Crim.App.1987), *cert. denied*, 484 U.S. 872, 108 S.Ct. 201, 98 L.Ed.2d 152 (1987). Even if the *Aguilar–Spinelli* test were used under the Texas Constitution, appellant's claim of trial court error fails, as we discussed in the opinion on original submission. *Muniz v. State*, 844 S.W.2d at 261–62. Appellant does not propose any other test to be used in a state constitutional analysis.

The fourth point of error is overruled.

The judgment is affirmed.

---

7. *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).