

# Fourth Court of Appeals
## San Antonio, Texas

August 15, 2018

No. 04-16-00630-CR & 04-16-00631-CR

Cody Lon **SMITH**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B-07-057 & B-15-631
Honorable Rex Emerson, Judge Presiding

# O R D E R

Sitting:      Sandee Bryan Marion, Chief Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Appellant has filed a motion to re-brief these consolidated appeals. The only ground asserted in the motion is that an appellant may re-brief an appeal when the case is on remand from the Court of Criminal Appeals. *See Muniz v. State*, 865 S.W.2d 513, 514 (Tex. App.—San Antonio 1993, pet. ref'd). The motion states, without explanation or authority, that these appeals are on remand from the Court of Criminal Appeals. Appellant states that if this court does not grant his motion, he "will be forced to file another Mandamus."

We disagree with appellant's assertion that the appeals are on "remand" from the Court of Criminal Appeals. These consolidated appeals have been pending in this court since September 29, 2016. No judgment of this court has been entered or appealed to the Court of Criminal Appeals. *See* TEX. R. APP. P. 78.1(d), (f), 78.2 (authorizing the Court of Criminal Appeals to remand a case to the court of appeals only when reversing a court of appeals judgment). The Court of Criminal Appeals stayed these appeals while appellant's counsel pursued a petition for writ of mandamus. But, counsel filed the mandamus petition in her personal capacity. Neither the State nor appellant was a party to that original proceeding. *See generally In re Moore*, WR-87,158-01, 2018 WL 2716699 (Tex. Crim. App. June 6, 2018) (not designated for publication) (stating appellant's counsel was the "relator"); *see also* TEX. R. APP. P. 3.1(f) (defining "relator" as "a person seeking relief in an original proceeding in an appellate

court"). Therefore, because appellant's argument is without merit, the motion is **DENIED**. *See Muniz*, 865 S.W.2d at 514.

However, in the interest of justice, we consider on our own motion whether to permit appellant to re-brief these appeals under Texas Rule of Appellate Procedure 38.7. *See* TEX. R. APP. P. 38.7. Rule 38.7 provides, "A brief may be amended . . . whenever justice requires, on whatever reasonable terms the court may prescribe." *Id.* Generally, justice requires that we avoid unnecessary delays without prejudicing the rights of parties before this court.

Although these appeals have been pending for nearly two years, appellant's motion suggests his constitutional right to effective assistance of counsel could be prejudiced by a deficient brief filed by appellate counsel. In the motion, appellant asserts his counsel filed the original appellant's brief under "stress and duress." Appellant also asserts "[his] rights to Due Process and his right to effective assistance of counsel" require re-briefing.

On our own motion, in order to protect appellant's right to effective assistance of counsel, we will permit appellant to file an amended brief. *See* TEX. R. APP. P. 38.7. Therefore, we **ORDER** counsel for appellant, Angela Moore, to file an amended appellant's brief that complies with the Texas Rules of Appellate Procedure by **September 14, 2018**. No extensions of time will be granted. If appellant's amended brief is not timely filed or, if the brief is defective: (1) appellant is notified that this court retains discretion to strike an untimely amended appellant's brief, and (2) appellant's counsel will be ordered to appear before this court and show cause why she should not be held in criminal contempt and civil contempt of this court.

We **ORDER** the State's brief is due by **October 15, 2018**, regardless of whether appellant files an amended appellant's brief. Because this court has granted the State two prior extensions, the State is advised that no further extensions of time will be granted absent a timely motion that: (1) demonstrates extraordinary circumstances justifying further delay, (2) advises the court of the efforts the State has expended in preparing the brief, and (3) provides the court reasonable assurance that the brief will be completed and filed by the requested extended deadline. The court does not generally consider a heavy work schedule to be an extraordinary circumstance. If such a motion for an extension of time, or the State's brief, is not timely filed, this Court may decide these appeals without a State's brief.

Entered on this 15th day of August, 2018.

**PER CURIAM**

ATTESTED TO :_____

Keith E. Hottle,
Clerk of Court

