Jimmy Max RAMSEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 55947.

Court of Criminal Appeals of Texas, Panel No. 3.

Feb. 7, 1979.

Douglas Tinker and A. Deniz Tor, Corpus Christi, for appellant.

John H. Flinn, Dist. Atty. and Thomas L. Bridges, Asst. Dist. Atty., Sinton, for the State.

Before DOUGLAS and TOM G. DAVIS, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for possession of heroin. Punishment was assessed at three years.

Appellant contends that the trial court erred in failing to suppress evidence obtained in a search conducted under an invalid search warrant. He maintains that the affidavit supporting this warrant was insufficient as it contained misrepresentations as to material facts. He also alleges error in the trial court's refusal to allow him to call a witness to establish the misrepresentations in the warrant. These contentions necessarily require a review of the evidence entered at the suppression hearing.

The record reflects that the appellant had been arrested in a motel room in possession of a quantity of heroin. The arrest had been made pursuant to execution of a search and arrest warrant based on an affidavit by Donald Walker, a Department of Public Safety narcotics agent. The supporting affidavit alleged probable cause from an informer's tip as follows:

"Affiant has probable cause for said belief by reason of the following facts, to wit:

"I Donald Walker, of the Texas Department of Public Safety Narcotics Service, had been informed of the foregoing set-out [sic] facts by a person whom I know is reliable, credible and trustworthy, who states the following facts:

"1. That said source has been inside of room # 126, of The Sea Palm Lodge, located at 1515 W. Wheeler St., Aransas Pass, Texas, within the past 24 hours, and observed Jimmy Ramsey and Beverly Ramsey maintaining possession and control of a quantity of heroin.

"I believe the aforementioned facts to be true and correct as said confidential source has given information in the past concerning narcotics violations that has proven true and correct on each and every occasion.

"I do not desire to reveal the name of said confidential source for security reasons to said source or family thereof.

"I received the above information concerning the above violation of law on the 18th day of June, 1976."

Officer Walker later testified that the informant that supplied this information was Kenneth Vaden.

Officer Walker was cross-examined as to an alleged discrepancy between the information set out in the affidavit and that set out in an investigation report prepared by him. In this report, the only statement as to the informer's tip was:

"On Friday, 06–18–76, Agent WALKER received reliable information from a con-

fidential source that Jimmy and Beverly RAMSEY, husband and wife, were staying in Room # 126 of the Sea Palm Lodge, in Aransas Pass, and that they had in their possession a quantity of heroin."

The officer testified that the informant had told him that he had been in the room as set out in the affidavit, and that omission of this information in the report did not indicate the contrary.

Defense counsel then sought to call Vaden, the informer, as a witness. It was stipulated that Vaden was "in custody in the jail here in Sinton" at the time of this hearing. In response to the judge's inquiry as to what the defense expected to prove by this witness, defense counsel stated that Vaden had told him that he had never been in the motel room, and had not told officer Walker that he had. Defense counsel pointed out that this information was in conflict with the information in the affidavit. The court refused to allow Vaden to be called as a witness, but agreed that the statements of defense counsel could be included in the record as a Bill of Exception.

At the time of the appellant's trial, the trial court's refusal to allow the testimony of the informer was a correct interpretation of the then law. This Court had long held that a challenge to the affidavit's statement of probable cause could not go behind the face of the affidavit. *Oubre v. State*, Tex. Cr.App., 542 S.W.2d 875; *Lopez v. State*, Tex.Cr.App., 535 S.W.2d 643; *Phenix v. State*, Tex.Cr.App., 488 S.W.2d 759; *Wetherby v. State*, Tex.Cr.App., 482 S.W.2d 852. Most recently, in *Jones v. State*, Tex.Cr. App., 568 S.W.2d 847, this Court again followed this rule and stated that "Our determination of the sufficiency of an arrest or search warrant affidavit's statement of probable cause is limited to the four corners of the affidavit." 568 S.W.2d at 855.

Subsequent to the cases cited above, however, the United States Supreme Court has reviewed a similar state rule and set out an exception to a blanket prohibition against

any challenge to the veracity of the officer's statements in a search warrant affidavit.

In *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the Supreme Court held that the Delaware "four corners" rule, insofar as it prohibited *every* challenge to the veracity of the sworn statement in a warrant affidavit, violated the Fourth Amendment. In *Franks*, the court held that when the defendant alleges a deliberate falsehood or reckless disregard for the truth and accompanies this allegation with an offer of proof, that if disregarding the statement alleged to be false would render the affidavit insufficient, a hearing on those allegations is required. Before considering appellant's contention in light of *Franks*, however, we must determine if the holding in *Franks* is retroactive so as to be applicable to the present case.

In *United States v. Peltier*, 422 U.S. 531, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1975), the Supreme Court considered the retroactive application of its earlier decision in *Almeida-Sanchez v. United States*, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973). *Almeida-Sanchez* had held that a warrantless search by Border Patrol agents approximately 25 miles from the border without probable cause violated the Fourth Amendment. The court refused to apply *Almeida-Sanchez* retroactively, however, reasoning that the purpose behind the exclusionary rule would not be furthered by a post facto exclusion of evidence seized in good faith compliance with what was considered the constitutional standard at that time. Justice Rehnquist, speaking for the majority in regard to retroactive application of the Supreme Court's constitutional decisions, stated that, "If the purpose of the exclusionary rule is to deter unlawful police conduct, then evidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, or may be properly charged

with knowledge, that the search was unconstitutional under the Fourth Amendment." 422 U.S. at 542, 95 S.Ct. at 2320. Justice Rehnquist concluded that since the Border Patrol agent was acting in compliance with a federal statute buttressed by continuous judicial approval, the holding in *Almeida-Sanchez* would not be applied retroactively in *Peltier*. The application of this same reasoning to the present case compels the opposite conclusion, however.

■ The very heart of the decision in *Franks* goes to the proof of knowledge by a police officer that the information he possesses is insufficient to support the issuance of a warrant. Any affidavit sworn to with knowledge that the information in the affidavit is false, or with reckless disregard to its truth of that information, cannot be said to have been in good faith and in accordance with the law. Thus, we find that the holding in *Franks* is to be applied retroactively.

The Supreme Court summed up its holding in *Franks*, setting out specifically what is required to come within the narrow exception. In order to be entitled to an evidentiary hearing on the allegations concerning the veracity of the affidavit, the defendant must:

1. Allege deliberate falsehood or reckless disregard for the truth by the affiant, specifically pointing out the portion of the affidavit claimed to be false. Allegations of negligence or innocent mistake are insufficient,[1] and the allegations must be more than conclusory.

2. Accompany these allegations with an offer of proof stating the supporting reasons. Affidavits or otherwise reliable statements of witnesses should be furnished. If not, the absence of written support of the allegations must be satisfactorily explained.

3. Show that when the portion of the affidavit alleged to be false is excised

---

1. *Accord, United States v. Astroff*, 578 F.2d 133 (5th Cir., 1978); *contra, People v. Cook*, 22

Cal.3d 67, 148 Cal.Rptr. 605, 583 P.2d 130 (1978).

from the affidavit, the remaining content is insufficient to support issuance of the warrant.[2]

98 S.Ct. at 2685.

Considering the showing made by the appellant in light of the holding in *Franks*, we find that an evidentiary hearing was required. The appellant alleged that the officer was not told by the informer that he had been in the room, thus any statement asserting such a fact arguably indicated a deliberate falsehood or reckless disregard for the truth.

Although no affidavit or other written support was offered, the trial court accepted defense counsel's statement as a Bill of Exception. We note that in *Franks* no affidavit or other written material was offered, but only a statement by defense counsel as to what would be shown if he were allowed to call witnesses on the issue. 98 S.Ct. at 2678–79. In the present case, the trial court refused to allow the defense to call a witness shown to be available but allowed defense counsel's statements as a Bill of Exception. Here, as in *Franks*, this preliminary showing is sufficient. See Art. 40.09, Sec. 6(d)(1), V.A.C.C.P.

Finally, the warrant contains no other allegations as to how the informant gained his information; thus excising this portion would render the affidavit insufficient. *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Jones v. State*, supra.

 By our holding today we find only that the court should have held an evidentiary hearing on the allegations of appellant that the affidavit contained a falsehood, and this opinion should not be misinterpreted as holding that the affidavit was bad or that the court must accept the testimony of the informer or any other witness.

While the trial court was correct in its ruling in not allowing appellant to call the

informer at the time the hearing was held, the subsequent *Franks* decision by the United States Supreme Court requires by its very terms that we give retroactive application to its holding therein and reverse this cause for failure of the trial court to allow appellant a hearing on his contention that the affidavit was based on a falsehood and an opportunity to call the informer as a witness in support thereof.

The judgment is reversed and the cause remanded.

insufficient without regard to the remaining allegations.

---

2. *Contra, People v. Cook*, supra. The California Supreme Court held that if the officer knows the statement is false the affidavit is