TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00764-CR






Enrico Valdez, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT

NO. A-01-0737-S, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N


 Enrico Valdez appeals his conviction of aggravated assault with a deadly weapon
after a bench trial. See Tex. Pen. Code Ann. § 22.02(a)(2) (West 2003). The district court assessed
punishment at seventeen years in prison. In one point of error, appellant challenges the district
court's denial of his motion to suppress evidence seized pursuant to a search warrant that he
contends was issued without probable cause. Because we find the district court did not abuse its
discretion in denying the motion, we affirm the judgment of conviction.


BACKGROUND

 On June 8, 2001, sixteen-year-old Timothy Ruiz and his friend were walking past the
Santa Fe Junction Motor Inn in San Angelo when they encountered appellant, an acquaintance,
coming out of one of the rooms. Appellant asked the boys to help him carry ice into his motel room. 
Once inside the room, appellant asked the boys to roll some marihuana joints. After engaging in a
lengthy and angry telephone conversation, appellant taunted the boys with a gun and then shot Ruiz
in the head. Ruiz survived but lost most of his vision. Appellant was indicted on a charge of
aggravated assault with a deadly weapon.

 On August 5, 2002, appellant filed a motion to suppress evidence, challenging the
seizure pursuant to a search warrant of a handgun, a shotgun, and ammunition from his home on
North Jackson Street in San Angelo. In support of the motion, appellant urged only that the evidence
was seized pursuant to a search warrant obtained without probable cause. Appellant did not seek
a hearing or ruling before trial.

 At trial commencing three days later on August 8, the State sought to introduce items
seized pursuant to the search warrant. Appellant's counsel objected on the ground that the items
were seized pursuant to a search warrant obtained without sufficient probable cause. After a voir
dire examination of the officer who obtained the search warrant, Detective Don Gallion of the San
Angelo Police Department, counsel objected further that the affidavit contained "misstatements" or
"misrepresentations." The court overruled the objection and denied the motion to suppress, and
admitted into evidence the items seized pursuant to the search warrant.

 Appellant was convicted of aggravated assault with a deadly weapon, and this appeal
ensued.


DISCUSSION

 Relying on Franks v. Delaware, appellant contends in a single issue on appeal that
the underlying affidavit for the search warrant contained false statements that were made "either
knowingly or intentionally or with reckless disregard for the truth," and the district court therefore
erred in denying his motion to suppress and admitting the evidence seized pursuant to the warrant. 
See Franks v. Delaware, 438 U.S. 154 (1978). In his pretrial motion to suppress, appellant sought
to suppress all evidence illegally obtained or seized, alleging that the search of his residence was
pursuant to an invalid search warrant because the underlying affidavit did not establish probable
cause. On appeal, the only ground asserted for the invalidity is that the affidavit contains false
statements and, when the statements are stricken, insufficient probable cause remains. But the
motion to suppress did not encompass any allegation that the search warrant was obtained by
deliberate falsehood or reckless disregard of the truth.

 In determining the validity of a search warrant affidavit, the reviewing court considers
only the information brought to the issuing magistrate's attention. The reviewing court is thus
limited to the four corners of the affidavit. Jones v. State, 833 S.W.2d 118, 123 (Tex. Crim. App.
1992). Texas courts generally will not look behind the face of the affidavit to determine the validity
of the affidavit and the search warrant based thereon. Ramsey v. State, 579 S.W.2d 920, 921 (Tex.
Crim. App. 1979); Carroll v. State, 911 S.W.2d 210, 218 (Tex. App.--Austin 1995, no pet.). An
exception is a proper Franks motion.

 When a defendant makes a "substantial preliminary showing" that a false statement
in the search warrant affidavit was made intentionally, knowingly, or with reckless disregard for the
truth, and that the false statement was necessary to the finding of probable cause, the Fourth
Amendment requires a hearing at the defendant's request. Franks, 438 U.S. at 155-56; Dancy v.
State, 728 S.W.2d 772, 782 (Tex. Crim. App. 1987). The procedure for invoking a Franks hearing
was set out in Dancy, 728 S.W.2d at 781, and in Ramsey, 579 S.W.2d at 922. To be entitled to an
evidentiary hearing under Franks on the allegations concerning the validity of the affidavit, the
defendant must allege deliberate falsehood or reckless disregard for the truth by the affiant,
specifically pointing out the portion of the affidavit claimed to be false. Allegations of negligence
or innocent mistake are insufficient, and the allegations must be more than conclusory. The
defendant must also accompany these allegations with an offer of proof, such as an affidavit or other
statement, stating the supporting reasons. The defendant must further demonstrate that when the
portion of the affidavit alleged to be false is excised from the affidavit, the remaining content is
insufficient to support issuance of the warrant. See Franks, 438 U.S. at 171-72; Ramsey, 579 S.W.2d
at 922-23.

 The burden is on the defendant at the hearing to show falsity or reckless disregard for
the truth by a preponderance of the evidence. If the defendant meets this burden, the false material
in the affidavit will be disregarded. If the affidavit's remaining content is not enough to show
probable cause, the search warrant is voided and the fruits of the search excluded. Dancy, 728
S.W.2d at 782-83. A misstatement in an affidavit that results from simple negligence or
inadvertence as opposed to a deliberate falsehood or reckless disregard for the truth will not render
the warrant invalid. Id.

 Here, appellant did not follow the prescribed procedure. By his motion to suppress,
the overruling of which he challenges on appeal, appellant failed to make any preliminary showing
that a false statement was included by the affiant officer in the affidavit either knowingly and
intentionally or with reckless disregard of the truth. Appellant did not allege in his motion that the
affiant made a false statement, nor did he seek a hearing or ruling before trial. See Franks, 438 U.S.
at 155; Dancy, 728 S.W.2d at 781. "To mandate an evidentiary hearing, the challenger's attack must
be more than conclusory and must be supported by more than a mere desire to cross-examine." 
Franks, 438 U.S. at 171. Because he failed to make any showing, he never brought himself within
the purview of the Franks rule and was not entitled to a Franks hearing. Absent such a showing as
would warrant a Franks hearing, the reviewing court will not look beyond the four corners of the
affidavit. See Brooks v. State, 642 S.W.2d 791, 796-97 (Tex. Crim. App. 1982). Even if we assume
the issue was properly raised at trial, appellant failed to make the requisite showing.

 At trial, witness Shannon Gonzales testified that she and some friends had stayed at
appellant's house "on Jackson Street" into the morning of June 8. Because appellant's parents were
returning home and "he didn't want us to be there," Gonzales rented the motel room at the Santa Fe
Junction Motor Inn where the incident later occurred. She testified that she responded to the
detectives' questions, including one concerning appellant's address: "I didn't remember if it was
north or south. I might have remembered the address at the time." Appellant's counsel then
questioned Detective Gallion about his conversation with Gonzales and the preparation of the
affidavit in support of the search warrant:



 Now, you said in your affidavit, you said you spoke with--with whom did you
speak in order to get your information about the house?




 May I refer to my affidavit?




 Yes.




 I spoke with Detective Henshaw, Detective Barrera, and Shannon Gonzales.




 And how did you come into contact with Shannon?




 Through Detective Henshaw.




 And where did you speak with her?




 I actually spoke through Detective Henshaw to her after reading her statement.




Gallion later testified that in addition to speaking with Detective Henshaw, who actually took
Gonzales's statement, he also spoke with Gonzales on the telephone.

 The State sought to introduce evidence seized from appellant's home over the
objection of appellant's counsel. The search warrant affidavit states in relevant part:


The probable cause for the filing of this complaint is that affiant is a peace officer
under the laws of the State of Texas. . . . Affiant has spoken to SAPD Detectives
Henshaw and Barrera and Shannon Gonzalez and learned the following: That on June
8, 2001 the Defendant was in a room at the Santa Fe Junction Motor Inn, Room 207,
which is located in San Angelo, Tom Green County, Texas. That the shooting
victim, Timothy Ruiz, and his friend Andrew Garcia were walking by the Santa Fe
Motor Inn and were invited into the above mentioned room by the Defendant. That
once inside, Ruiz and Garcia sat at a table and began to roll marijuana cigarettes
while the Defendant took a phone call. That when the Defendant finished talking on
the phone he returned to the table where Ruiz and Garcia were sitting and appeared
to be angry. That the defendant produced a handgun and pointed it, from extremely
close range, at Ruiz's head. That the Defendant then pulled the trigger and shot Ruiz
in the head, lodging the bullet in the base of Ruiz's skull. That immediately
thereafter, Garcia pulled Ruiz out of the room and the victim was taken to the
hospital. The Defendant also immediately left the room and fled the scene.


Affiant participated in a search warrant executed at the Santa Fe Junction Motor Inn
on the afternoon of June 8, 2001. During the search of the room, no firearm was
found. At approximately 2:30 p.m. on today's date, affiant spoke with Shannon
Gonzales and she related that the Defendant admitted to her that he shot the victim
in the head, stating, "I shot that kid with my gun." Gonzales told affiant that she had
been to the Defendant's house and spoke with him. Gonzales told affiant that she
noticed blood on the Defendant's shoes when she was talking to him. Gonzales gave
affiant the Defendant's home address as 801 N. Jackson.

Because Gallion's affidavit avers (i) that "affiant spoke with Shannon Gonzales," and appellant
argues that the testimony establishes that only Detective Henshaw spoke with her directly and that
Gallion received his information indirectly from Henshaw, and (ii) that Gonzales gave appellant's
home address as 801 N. Jackson when she was confused about whether he lived on North or South
Jackson and could not remember what she told the detective, appellant argues that the affidavit
contained false or misleading statements and the probable cause is therefore insufficient. We
disagree.

 Even if it can be argued that appellant complied with the requirements of Franks and
that it is therefore permissible to go behind the four corners of the affidavit, the record before this
Court does not show that false statements were intentionally or knowingly made by Detective
Gallion or that there was a reckless disregard of the truth. Innocent mistakes or even negligence are
not sufficient to support a Franks claim. Mere conflicts between investigative notes or witness
statements and the actual affidavit will not support a Franks claim. Probable cause in the affidavit
was based on (i) hearsay information received by Officer Gallion, which he appropriately relied
upon, and (ii) Gallion's own investigation. Gallion acknowledged that Gonzales's statements in the
affidavit were made to Henshaw and not to him even though he also spoke with Gonzales by
telephone. He also testified that the correct address was confirmed through investigative records of
prior dealings with appellant. Gallion was not further questioned as to other circumstances of the
preparation and execution of the affidavit. He was never asked whether the statement in the affidavit
that the "affiant spoke with Gonzales" was a knowing or intentional misrepresentation, was a false
statement, or was made in disregard of the truth. Gallion testified that he prepared the affidavit at
the direction of the assistant district attorney before presenting it to the judge.

 Even if it can be argued that these statements were overstatements or inaccurate
summaries of information, the statements were not shown to be deliberately false. Gallion
accumulated information for the affidavit, some of which was hearsay. Gonzales's witness
statement, which was not in evidence, evidently confused directions on Jackson Street. In any event,
Gonzales testified at trial that she had been at appellant's house the night before the shooting and
simply could not recollect the precision with which she recounted the address to the officers. That
the detective used other investigatory tools to confirm the address he received from a witness is
simply prudent police work. If any of the information was contradictory, at most it raised a fact issue
for the trial judge to resolve, which she resolved against him. See Hinojosa v. State, 4 S.W.3d 240,
247 (Tex. Crim. App. 1999). Moreover, even if the statements were false and therefore stricken
from the face of the affidavit, the remaining content would still reflect ample probable cause
sufficient to support the issuance of the search warrant. Appellant neither alleged nor proved that
he was entitled to any relief under Franks.


CONCLUSION

 Appellant did not make the preliminary showing of deliberate falsehood or reckless
disregard of the truth required by Franks. Because appellant failed to raise a Franks claim before
or at the time of trial, the district court was not given an opportunity to rule on the contention and
nothing is presented for review. If presented, the contention is without merit. Because we do not
find that the district court abused its discretion in overruling the motion to suppress, we affirm the
judgment of conviction.



 

 Jan P. Patterson, Justice

Before Justices Kidd, B. A. Smith and Patterson

Affirmed

Filed: June 19, 2003

Do Not Publish