IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1206-02






JESSE DAN CATES, Appellant



v.



THE STATE OF TEXAS


 



ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE ELEVENTH COURT OF APPEALS


STEPHENS COUNTY






 Cochran, J., delivered the opinion of the Court, joined by Meyers, Price,
Womack, Johnson, Hervey, and Holcomb, J.J. Keller, P.J., and Keasler, J.
concurred in the result. 


O P I N I O N


 In this case we must decide whether a trial court abuses its discretion when it
refuses to allow defense witnesses to testify at a Franks evidentiary hearing after: (1) a
defendant has made a substantial preliminary showing of falsity, and (2) the State has been
allowed to present testimony in support of the affidavit's accuracy and the affiant's
veracity. (1) The court of appeals held that the refusal to permit the defense to call witnesses 
was within the trial court's discretion. (2) We disagree and hold that such a refusal is an abuse
of discretion. 

I. 


 On February 18, 1999, Officer Marty Baker obtained a search warrant for
appellant's residence. In his affidavit accompanying the warrant, Officer Baker stated that
on February 18, 1999, a confidential informant told him that Willie Cates and Donnie Hope
were in possession of methamphetamine at Cates' residence. Officer Baker alleged that he
has known the confidential informant for more than three years and that this informant: (1)
had provided credible information in the past; (2) was lawfully employed in the community;
(3) had admitted his/her own prior drug use but now does not condone the use of drugs; and
(4) had been at the home of Willie and Donnie Hope within the 72 hours preceding the
affidavit and observed both of them in possession of methamphetamine. 

 Prior to trial, appellant filed a motion to suppress alleging that: 

 [t]he affidavit made by Marty Baker on the 18th day of February,
1999...contained a deliberate falsehood as to the description of the
confidential informant who allegedly gave affiant Marty Baker the
information used as a basis of the affidavit.... Defendant knows that these
allegations are false and that the affiant knows that they are false for the
reason that it was the Defendant who voluntarily went to the Breckenridge
Police Department as a complaining citizen...[and] complained that Donnie
Hope was unlawfully occupying [appellant's] residence. The Defendant, as a
complaining citizen, sought to file a formal complaint charging the said
Donnie Hope with criminal trespass. At no time did the Defendant, as an
informant or complaining witness against Donnie Hope, allege that he had
seen Donnie Hope in his residence in possession of a white powdery
substance. The Breckenridge Police officers refused to take the Defendant's
complaint against Donnie Hope. Instead, they used his complaint as a pretext
to gain entry to Defendant's home.... 


 The trial court held a brief hearing on appellant's motion. Officer Baker testified to
the facts contained in the affidavit and was cross-examined by the defense. The defense
called Mrs. Willie Cates. The State objected to the testimony of Mrs. Cates by arguing that
it would violate the "four corners" rule. (3) After brief argument, the trial court denied
appellant's motion to suppress without allowing the defense the opportunity to call any
witnesses to prove his Franks claim. 

II.


 In Franks v. Delaware (4) the United States Supreme Court held that "where the
defendant makes a substantial preliminary showing that a false statement knowingly and
intentionally, or with reckless disregard for the truth, was included by the affiant in the
warrant affidavit, and if the allegedly false statement is necessary to the finding of probable
cause, the Fourth Amendment requires that a hearing be held at the defendant's request." (5) 
An affidavit supporting a search warrant begins with a presumption of validity; thus, the
defendant has the burden of making a preliminary showing of deliberate falsehoods in that
affidavit before he is entitled to a Franks hearing. (6) As the Supreme Court explained:

 To mandate an evidentiary hearing, the challenger's attack must be
more than conclusory and must be supported by more than a mere desire to
cross-examine. There must be allegations of deliberate falsehood or of
reckless disregard for the truth, and those allegations must be accompanied
by an offer of proof. They should point out specifically the portion of the
warrant affidavit that is claimed to be false; and they should be accompanied
by a statement of supporting reasons. Affidavits or sworn or otherwise
reliable statements of witnesses should be furnished, or their absence
satisfactorily explained. Allegations of negligence or innocent mistake are
insufficient. (7) 

 In Ramsey v. State (8) this Court laid out the three-part test for obtaining a Franks
evidentiary hearing. (9) The defendant must:

 (1) "Allege deliberate falsehood or reckless disregard for the truth by the affiant,
specifically pointing out the portion of the affidavit claimed to be false";


 (2) "Accompany these allegations with an offer of proof stating the supporting
reasons"; and 


 (3) "Show that when the portion of the affidavit alleged to be false is excised
from the affidavit, the remaining content is insufficient to support the
issuance of the warrant." (10) 


 In this case, the State argued to both the trial and appellate courts that appellant was
not entitled to a Franks hearing because his written motion did not contain sworn affidavits
or sworn statements. (11) However, nothing in our law requires the defendant to include a
sworn affidavit in making a preliminary showing under Franks. 

 In Ramsey, for example, the police officer testified that the informant told the
officer that he had been in the defendant's motel room during the past twenty-four hours
and observed the defendant in the possession of heroin. (12) The defense wanted to have the
informant testify, but he was in jail. The trial court asked defense counsel about the
informant's anticipated testimony, and counsel responded that the informant would testify
that he "had told him that he had never been in the motel room, and had not told officer
Walker that he had." (13) The trial court refused to allow the testimony of the informant but
said that defense counsel's statements "could be included in the record as a Bill of
Exception." (14) We stated:

 [a]lthough no affidavit or other written support was offered, the trial court
accepted defense counsel's statement as a Bill of Exception. We note that in
Franks no affidavit or other written material was offered, but only a
statement by defense counsel as to what would be shown if he were allowed
to call witnesses on the issue. In the present case, the trial court refused to
allow the defense to call a witness shown to be available but allowed defense
counsel's statements as a Bill of Exception. Here, as in Franks, this
preliminary showing is sufficient. (15) 


 In Ramsey we held that it was sufficient for defense counsel to allege a deliberate
falsehood, specifically point out that portion of the affidavit alleged to be false, and make
an oral offer of proof (which the trial court called a bill of exception) to satisfy the
substantial preliminary showing required by Franks. (16) Because the trial court did not
permit the defense to call its witness to prove its Franks challenge, we reversed the
judgment of conviction to allow the defendant to have an evidentiary hearing and call the
informer to testify. (17) III.

 In the present case, the trial court held a brief pre-trial hearing on appellant's motion
to suppress. At this hearing, the State called one witness, Officer Marty Baker, who
testified to the events that led to the drafting and execution of the search warrant and the
facts set out in the affidavit. (18) Defense counsel was permitted to cross-examine Officer
Baker. The defense then called Willie Cates to the stand. The State objected and stated "if
he [defense counsel] is attacking the four corners of a search warrant that again is not
allowed by statute." The State went on to argue that "this is going back to the Franks
hearing. And there has to be a substantial preliminary showing of a false statement before
we can start going behind or do the attack under Franks, and he hasn't met that yet." 

 In his motion to suppress, however, appellant had made a substantial preliminary
showing of falsity under Franks. 

 The first prong of Franks provides that the defendant must allege a deliberate
falsehood (or the affiant's reckless disregard for the truth) and specifically point out that
portion of the affidavit alleged to be false. Appellant's motion stated: "The affidavit made
by Marty Baker on the 18th day of February, 1999, ... contained a deliberate falsehood as to
the description of the confidential informant who allegedly gave affiant Marty Barker the
information used as a basis of the affidavit." The motion then specifically listed six
portions of the affidavit alleged to be deliberately false. (19) Moreover, appellant's motion
stated that Officer Baker knew that these allegations were false because "it was the
Defendant who voluntarily went to the Breckenridge Police Department as a complaining
citizen." (20) By alleging a deliberate falsehood by the affiant and specifically pointing out
those portions of the affidavit claimed to be false, as well as identifying the specific
reasons why he knows this information is false, the appellant has satisfied the first prong of
Franks. 

 We turn then to the second prong of Franks. Under that prong, the defendant must
accompany his allegations of falsity with an offer of proof, affidavit, or otherwise reliable
witness statements, unless their absence is "satisfactorily explained." (21) Franks itself
involved an oral amended motion to suppress "to include an attack on the veracity of the
warrant affidavit." (22) The motion was not supported by affidavit or sworn statements of
witnesses, only defense counsel's assertions as to what the intended witnesses would
testify to. (23) These assertions sufficed as "otherwise reliable statements of witnesses." 
Similarly, in Ramsey, this Court held that a defense counsel's statements as to what the
proposed witness would testify to sufficed for purposes of the second prong of Franks. (24) 

 In this case, appellant's motion explained in great detail that he was the person who
had gone to the police station as a complainant against Donnie Hope, but that he said
nothing to the officers about any drugs or white powdery substance. He also set out the
following:

 Defendant and his wife, Willie Cates, know that there was no adult person
engaged in a lawful occupation in Breckenridge, Texas, who at any time
entered their residence at 903 North Rose Avenue within 72 hours of the
making of the said affidavit. If there was no employed adult that came within
the residence or on the property, then there could not have been a
confidential informant at Defendant's residence such as is described in the
affidavit.


Surely, this can only be construed as an offer of what appellant and his wife, Willie Cates,
would testify to at a Franks hearing if they were allowed to do so. That is not to say, of
course, that the trial judge would necessarily believe them. But if he did, appellant's
testimony would satisfy the third prong of Franks.

 That third prong requires the defendant to prove that if the deliberately false
portions of the affidavit were excised, the "four corners" of the remainder of the affidavit
no longer showed probable cause to search the particular location. In this case, if there
were no confidential informant, or if no confidential informant had been in the Cates' home
within the 72 hours before the affidavit was prepared, then there was no probable cause to
support the affidavit. Here, that affidavit was supported only by the statements of the
confidential informant. 

 Therefore, guided by the similarities in this case to both Franks and Ramsey, we
conclude that appellant has met all three prongs of Franks and made a substantial
preliminary showing of falsity. We hold that appellant was entitled to an evidentiary
hearing in which to offer proof of his Franks challenge. 

VI.


 The court of appeals did not directly address the sufficiency of appellant's Franks
motion to suppress. Instead, it held that the allegations within the affidavit were sufficient
to establish probable cause and stated: The
trial
court
had
discretion as
to
what
to
consider in
determining
the
merits
of the
motion to
suppress. 
The
refusal
of the
trial
court
to
require
witnesses to
testify
at the
hearing was
within
the
trial
court's
discretion. (25)

 

Franks itself states that a person who has made a substantial preliminary showing of falsity
in the affidavit is entitled to an "evidentiary hearing." (26) That phrase, "evidentiary hearing,"
normally means a live hearing in court with witnesses on the witness stand. But we need
not today decide whether a Franks evidentiary hearing must always be conducted with live
witnesses because, in this case, the trial judge did not allow appellant the opportunity to
offer evidence to prove his Franks claim in any of the ways set out in article 28.01, §
1(6). (27)
 Accordingly, by denying the defendant the opportunity to present testimony or any
other evidence to prove his specific allegations of falsity, the trial court denied appellant
his right to a full Franks hearing. 

V.


 For the foregoing reasons, we sustain appellant's ground for review, reverse the
judgment of the court of appeals, and remand this cause to that court for further
proceedings consistent with this opinion.


Cochran, J. 

Delivered: November 12, 2003 

Publish
1. We granted appellant's pro se ground for review alleging that: "The court of appeals erred by
holding that the refusal of the trial court to require or allow witnesses to testify for the appellant during
the suppression hearing was within the trial court's discretion." 
2. Cates v. State, No. 11-01-00090-CR (Tex. App.-Eastland, May 30, 2002) (not designated
for publication). 
3. When a challenge is made as to whether a search warrant affidavit is legally sufficient to show
probable cause, the trial court is limited to the "four corners" of the affidavit. See Gaston v. State, 440
S.W.2d 297, 302 (Tex. Crim. App. 1969). This is entirely different from a challenge to the truthfulness
of a warrant affidavit and whether the affiant made knowing misrepresentations to establish probable
cause. When the defendant challenges the warrant affidavit on the ground that it contains known
falsehoods, as is the case here, the trial court is not limited to the "four corners" of the affidavit. See
generally, George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and
Procedure §§ 6.36-6.43 (2d ed. 2001). Limiting a falsity challenge to the four corners of the warrant
affidavit negates the underlying challenge and raises serious due process concerns. See Franks v.
Delaware, 438 U.S. 154, 156 (1978) (stating that "if the allegedly false statement is necessary to the
finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's
request") (emphasis added). Thus, if a defendant has made a substantial preliminary showing of
deliberate falsity, the trial court is required to go behind the "four corners" of the affidavit in a Franks
evidentiary hearing.
4. 438 U.S. 154 (1978). 
5. Franks, 438 U.S. at 155-56. See Wanda Ellen Wakefield, Annotation, Disputation of
Truth of Matters Stated in Affidavit in Support of Search Warrant-Modern Cases, 24 A.L.R.
1266, § 3 (2003) (stating that "[i]t is settled by the Supreme Court of the United States in Franks v.
Delaware...that a defendant in a criminal case claiming that he had been subjected to a search or
seizure under a warrant the issuance of which was not justified by the circumstances may controvert, in
appropriate circumstances and procedures, the truthfulness of matters stated in the affidavit offered in
support of the warrant. No purpose would be served by an exhaustive citation of cases to this well-settled proposition, whether decided before or after the Supreme Court's decision"). 
6. Franks, 438 U.S. at 171.
7. Id. at 171. 
8. 579 S.W.2d 920 (Tex. Crim. App. 1979). 
9. Ramsey, 579 S.W.2d at 922-23. 
10. Id.
11. The State cites Dancy v. State, 728 S.W.2d 772, 781 (Tex. Crim. App. 1987), but in that
case the defendant's written motion to suppress did not set out any factual allegations of falsity, nor did
it contain any statements of fact that would dispute the accuracy of the affidavit information, nor did the
defense make any oral offer of proof at the suppression hearing. This Court held that cross-examination of the affiant-officer on minor discrepancies in the affidavit did not raise, much less prove, a
Franks claim. Id. at 781-83. 

 The State also relies upon Muniz v. State, 844 S.W.2d 260 (Tex. App. - San Antonio 1992),
vacated on other grounds, 852 S.W.2d 521 (1993). In that case, the defendant attached an affidavit
to his motion to suppress in an attempt to make a threshold showing under Franks. The defendant,
said that although "my recollection may not be as good as it could be ... I do not believe ... that there
was anyone who would have seen cocaine in my home within the 24 hours preceding the issuance of
the warrant. I have asked my family members if they can recall whether anyone was in our house, and,
to the best of everyone's recollection, no one had been there." Id. at 261. The court of appeals stated
that "I don't recall any person seeing cocaine in my house" statements are not sufficient to support an
assertion of deliberate falsity. Id. Nonetheless, the trial judge did hold a hearing and "heard testimony
on the issue from both appellant and the affiant on the search warrant." Id. During his testimony,
however, the defendant further weakened his Franks assertion by stating that he was absent from home
for several hours during that 24 hour period. Id. Therefore, the trial judge did not err in denying the
motion to suppress. Id.
12. Ramsey, 579 S.W.2d at 921. 
13. Id. 
14. Id.
15. Id. at 923 (citation omitted).
16. Id. 
17. Id. 
18. Officer Baker's testimony went beyond the "four corners" of the affidavit and included 
information that: 1) he drove the confidential informant to the Cates residence; 2) the confidential
informant went into the Cates residence and then came back out and told Officer Baker that "the
drugs" were in the residence; 3) Donnie Hope had previously told Officer Baker that he sold controlled
substances in Stephens County; 4) Officer Baker had information that drugs were being sold at this
residence before he drove the informant there.
19. These six portions are: 



 That affidavit [sic] has known the confidential informant for a period of over
three (3) years. 
 That the confidential informant has provided information to the affiant in the past
in reference to drug offenders in the Stephens County area. 
 That the confidential informant is employed in a lawful occupation within the
community. 
 That the confidential informant had voluntarily admitted his own abuse of drugs,
but no longer condoned the abuse of drugs. 
 That the affiant knows that Willie Cates was arrested for assault and believes
that officers may be in jeopardy if they announce their presence. 
 That within the 72 hours just passed before the making of the affidavit, the
confidential informant had been in the Defendant's residence at 903 North
Rose Avenue in the City of Breckenridge, Stephens County, Texas, and had
observed the suspected parties: "Donnie Hope" and "Willie Cates" in
possession of an off-white powder substance that Donnie Hope reported to be
methamphetamine. 
20. Appellant had sought to file a formal complaint against Donnie Hope for criminal trespass. 
21. See Franks, 438 U.S. at 171; Ramsey, 579 S.W.2d at 922. 
22. 438 U.S. at 158. 
23. Id. 
24. 579 S.W.2d at 923. 
25. Cates, slip op. at 2.
26. 438 U.S. at 171.
27. Article 28.01(6) provides that "[w]hen a hearing on the motion to suppress evidence is
granted, the court may determine the merits of said motion on the motions themselves, or upon
opposing affidavits, or upon oral testimony, subject to the discretion of the court."