Opinion issued October 14, 2004












     





In The
Court of Appeals
For The
First District of Texas




NOS. 01-03-01092-CR
          01-03-01093-CR




JOEL COOPER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause Nos. 909324 & 939186




MEMORANDUM OPINION
          Appellant was charged in two cases with aggravated sexual assault of a child. 
A jury found him guilty in both cases and assessed punishment at 99-years’
confinement on the first charge and confinement for life on the second charge. In his
sole point of error, appellant contends the trial court erred by refusing to grant him
an evidentiary hearing, as required by Franks v. Delaware, 438 U.S. 154, 98 S. Ct.
2674 (1978).
DENIAL OF FRANKS HEARING
          A “Franks hearing” is required when a defendant attacks an affidavit used to
support a warrant. Franks, 438 U.S. at 155-56, 98 S. Ct. 2674. When a defendant
makes a substantial preliminary showing that a false statement was knowingly and
intentionally, or with reckless disregard for the truth, included in the warrant
affidavit, and if the allegedly false statement is necessary to the finding of probable
cause, the Fourth Amendment requires that a hearing be held at the defendant’s
request. Id., see also Cates v. State, 120 S.W.3d 352, 355 (Tex. Crim. App. 2003). 
Appellant contends that he was improperly denied the right to such a hearing. We
disagree.
1. Background 
          The record shows that appellant filed a motion to suppress, in which he
requested the “opportunity to make a substantial preliminary showing that a false
statement knowingly or intentionally, or with reckless disregard for the truth, was
included in the warrant affidavit . . .” Specifically, appellant argued that the affiant,
A. Craft of the Baytown Police Department, made a misstatement in the affidavit
when he alleged that a witness, Heather Lane, told him that she, appellant, and an
underage female had videotaped themselves engaging in sexual activity and had
viewed the videotaped at appellant’s home on several occasions.
          At the hearing on the motion to suppress, Craft testified that he had
corroborated the information that Heather Lane gave him about watching videos at
appellant’s home before using it in his affidavit. The defense then called Heather
Lane, who testified that she never told Craft that she watched video tapes containing
sexual acts while at appellant’s home.
          At the conclusion of the hearing, the trial court ruled as follows: “The court
finds that the Defendant did not make a substantial preliminary showing that a false
statement knowingly and intentionally or with reckless disregard for truth was
included by the affiant in the warrant affidavit. And that the false statement was
necessary in the defining of probable cause. For that reason, the court overrules your
motion to suppress . . . .”
2. Law and Analysis 
          On appeal, appellant contends that he was denied the right to a Franks hearing. 
We disagree. In Cates, 120 S.W.3d at 354-55, the defendant filed a motion to
suppress, alleging that the affiant had included false allegations about the description
of the confidential informant in the affidavit. The trial court allowed the affiant to
testify about the events that led to the drafting of the warrant, but refused to permit
the defense to call the defendant to the stand to challenge the veracity of the
information in the affidavit.


 Id. at 354-55. The court, citing Ramsey v. State, 579
S.W.2d 920, 922-23 (Tex. Crim. App. 1979), stated that for a defendant to be entitled
to an evidentiary hearing, he must
(1) Allege deliberate falsehood or reckless disregard for the truth by
the affiant, specifically point out the portion of the affidavit
claimed to be false;
(2) Accompany these allegation with an offer of proof stating the
supporting reasons; and,
(3) Show that when the portion of the affidavit alleged to be false is
excised from the affidavit, the remaining content is insufficient to
support the issuance of the warrant.

Cates, 120 S.W.3d at 356. After concluding that the defendant’s motion in Cates met
all three requirements, the court held that the trial court had erred by refusing to allow
the defendant the opportunity to call any witnesses to prove his Franks claim. Id. at
359. The court noted that, in a motion to suppress hearing challenging probable
cause, the court is bound by the “four corners” of the affidavit; whereas in a Franks
hearing challenging the veracity of a warrant affidavit, the court can consider
evidence outside the “four corners” of the warrant. Id. at 355 n.3.
          In this case, the trial court permitted appellant to call Heather Lane to the stand
to challenge the veracity of Craft’s warrant affidavit. As such, despite his claim to
the contrary, appellant was given a Franks hearing. The trial court did not deny
appellant a Franks hearing; it denied appellant relief after the Franks hearing. Put
another way, after hearing the testimony by Heather Lane that conflicted with Craft’s
affidavit, the trial court decided to believe Craft and not Lane. The Cates opinion
specifically mentioned the trial court’s right to disbelieve the evidence offered by the
defense at a Franks hearing. 120 S.W.3d at 358 (“That is not to say, of course, that
the trial judge would necessarily believe [the evidence that the defendant wished to
offer at a Franks hearing.]”).
          Appellant, in this case, was permitted a Franks hearing, at which he failed to
persuade the trial judge that Craft had included a false statement in the warrant
affidavit. The trial court’s ruling on this issue was not an abuse of discretion. See
Washington v. State, 902 S.W.2d 649, 655 (Tex. App.—Houston [14th Dist.] 1995,
pet. ref’d) (holding that fact questions are properly resolved by the trial court when
ruling in a Franks hearing).
          Furthermore, we note that, even though the trial court gave appellant a Franks
hearing in this case, it would not have been an abuse of discretion had the judge
chosen to deny appellant the right to a Franks hearing. As stated earlier, to be
entitled to a Franks hearing, a defendant’s motion to suppress must (1) allege
deliberate falsehood or reckless disregard for the truth by the affiant, specifically
pointing out the portion of the affidavit claimed to be false; (2) accompany these
allegations with an offer of proof stating the supporting reasons; and (3) show that
when the portion of the affidavit alleged to be false is excised from the affidavit, the
remaining content is insufficient to support the issuance of the warrant. Ramsey, 579
S.W.2d at 922-23. Appellant’s motion does not address the third prong of Ramsey by
alleging that, if the statements regarding whether or not Heather Lane watched video
tapes of appellant engaged in sexual activity with children were excised from the
affidavit, the remaining portions of the affidavit would not provide probable cause
to believe that child pornography was present at appellant’s house. Instead, the
remaining portions of the affidavit include a statement by a 16-year-old girl that,
while at appellant’s house, she had watched a videotape of Heather Lane and a 13-year-old girl having oral sex.
3. Conclusion
          Because appellant’s motion to suppress does not address the third prong of
Ramsey, the trial court could have denied appellant the right to present evidence at
a Franks hearing. See Brooks v. State, 642 S.W.2d 791, 796 (Tex. Crim. App. 1982)
(holding that there was no error in denying defendant right to subpoena police
records, where, under Franks, defendant had established no right to hearing, even
though he had been given one).
 
 
 
          Accordingly, we overrule appellant’s sole point of error.
          We affirm the judgments.
 
 
                                                                        Sherry Radack
                                                                        Chief Justice


Panel consists of Chief Justice Radack and Justices Keyes and Alcala.

Do not publish. Tex. R. App. 47.2(b).