IN THE COURT OF CRIMINAL APPEALS

OF TEXAS






PD-1453-05






JANE ETTA HARRIS, Appellant


v.


 THE STATE OF TEXAS






On Discretionary Review of Case 02-03-00136-CR of the

Second Court of Appeals

Tarrant County





 Womack, J., delivered the opinion for a unanimous Court.



 After the trial court denied her pre-trial motion to suppress, the appellant was convicted of
possession of a controlled substance and sentenced to ten years' imprisonment. The Second Court of
Appeals reversed, (1) holding that the inconsistencies between the arresting officer's affidavit in support of
his search warrant and his testimony at the hearing on the motion to suppress constituted a violation of
Franks v. Delaware. (2) We granted the State's petition for review on four grounds: three that object to
the Court of Appeals' substantive reasoning in finding a Franks violation on the facts, and one arguing
that the appellant failed to preserve any error for review. We will reverse.

 The appellant was arrested as a result of a "covered buy" instigated by a confidential informant
(C.I.) on behalf of Fort Worth narcotics officer Donnie Morton. Morton gave the C.I. twenty dollars
cash, checked his pockets to make sure he had no drugs on him, and then sent him into the appellant's
apartment to buy crack cocaine. The C.I. returned, successfully. Morton then obtained a search
warrant for the appellant's apartment, and upon its execution, he and other officers found cocaine and
two handguns and arrested the appellant.

 At a pre-trial hearing on the appellant's motion to suppress, Morton testified that his
investigation began with an anonymous tip to the Tarrant County Crime Stoppers hotline that drugs
were being sold out of the appellant's apartment. He said he arranged to meet a person he knew to be
a "credible and reliable informant" at the appellant's apartment complex. Morton then described how
he used this C.I. to carry out the covered buy, including giving him money and directing him to the
appellant's apartment.

 In the affidavit Morton submitted in support of the search warrant, he made no mention of the
Crime Stoppers tip. There, however, Morton did say he "met with a reliable confidential informant," the
confidential informant told him that he had personally observed the appellant selling crack cocaine in the
apartment, and the informant "specifically pointed at the location described in the body of this affidavit."
Neither this portion of the affidavit nor the omission of the Crime Stoppers tip from the affidavit was
discussed during the suppression hearing.

 In reversing the trial court's judgment, the Court of Appeals first rejected the State's argument
that the appellant failed to preserve error, then conducted an in-depth analysis of the record according
to Franks. The Court concluded that the inconsistencies between Morton's affidavit and his testimony
required excision of certain statements from the affidavit because they were "either untrue or statements
made with reckless disregard for the truth." (3) The Court ultimately held:

Considering the affidavit exclusive of the statements that were untrue or
made with reckless disregard for the truth of the statements, it contains a
statement of Officer X's credentials and an uncorroborated representation
by an informant whom Officer X may or may not have known before that
the informant went to the apartment in question and bought crack cocaine
with money that Officer X provided him.We hold that the surviving portion
of the affidavit is inadequate to support a neutral magistrate's probable
cause determination that would justify the warrant.Consequently, we hold
that the trial court abused its discretion in denying Appellant's motion to
suppress. (4) In this court, the State argues that the Court of Appeals erred in its substantive analysis under
Franks and reasserts that the appellant failed to preserve any Franks error at trial. As such, our
analysis depends on a proper reading of Franks, to which we will now turn.

 Under Franks, a defendant who makes a substantial preliminary showing that a false statement
was made in a warrant affidavit knowingly and intentionally, or with reckless disregard for the truth,
may be entitled by the Fourth Amendment to a hearing, upon the defendant's request. This hearing is
required only where the false statement is essential to the probable cause finding. If at the hearing the
defendant establishes the allegation of perjury or reckless disregard by a preponderance of the
evidence, the affidavit's false material is set aside. If the remaining content of the affidavit does not then
still establish sufficient probable cause, the search warrant must be voided and the evidence resulting
from that search excluded. (5)

 This court has made clear that in order to be granted a Franks hearing a defendant must:

(1) Allege deliberate falsehood or reckless disregard for the truth by the
affiant, specifically pointing out the portion of the affidavit claimed to be
false;


(2) Accompany these allegations with an offer of proof stating the
supporting reasons; and


(3) Show that when the portion of the affidavit alleged to be false is
excised from the affidavit, the remaining content is insufficient to support
issuance of the warrant. (6) Thus, specific allegations and evidence must be apparent in the pleadings in order for a trial
court to even entertain a Franks proceeding. As the Supreme Court said, "the challenger's attack must
be more than conclusory and must be supported by more than a mere desire to cross-examine." (7)

 Here, the record does not support a finding that the trial court was even aware at the original
hearing on the motion to suppress that a Franks violation was at issue. The Court of Appeals
concluded the opposite, finding that the Franks issue was both presented in the amended motion to
suppress and raised at the hearing. On our review of the record however, we find that the only even
arguable reference to Franks in either the original or the amended motion to suppress was the following
paragraph:

The search warrant was illegally issued because the issuing magistrate was
misled by information in the affidavit that the affiant officer knew was false
or would have known was false except for his reckless disregard for the
truth.There is no mention of what specific portion of Morton's affidavit was allegedly false, nor any offer of
proof to contradict whatever those alleged misrepresentations were. Such boilerplate language falls far
short of what is required under the first two prongs of the Ramsey test.

 Nor was any evidence presented at the hearing to establish even a prima facie violation under
Franks. The main thrust of defense counsel's argument during both testimony and closing arguments at
the hearing concerned whether Morton had sufficiently corroborated and verified the information he
received before seeking the search warrant. That is an entirely different complaint than that Morton
misrepresented the information to the magistrate with at least reckless disregard for the truth. This is a
far more serious allegation, and from the record it is clear that none of the parties even suggested such a
thing at the hearing.

 The Court of Appeals dismisses the State's waiver argument as "hypertechnical" and notes that
"lawyers are rarely as articulate as they would prefer to be when faced with the fast-paced and often
unpredictable situations encountered in the trial court." (8) Whatever the pace of the hearing in this case
may have been, we fail to see how that excuses the appellant from mentioning even a single time during
the course of that suppression hearing that she believed Morton had committed as serious a violation as
that against which Franks is designed to protect. Indeed, Franks and Ramsey call for even more
specific facts to be alleged than other more typical issues raised at a suppression hearing. Here, the
appellant presented close to nothing to establish what Franks and Ramsey require. Therefore, nothing
was preserved for appellate review. We sustain the State's fourth ground for review.

 Having sustained that ground, we need not reach the State's substantive grounds.

Conclusion

 The judgment of the Court of Appeals is reversed, and the case is remanded to that court for
consideration of the appellant's other points of error.


Delivered June 20, 2007.

Publish.
1. Harris v. State, 184 S.W.3d 801 (Tex. App. -- Fort Worth 2006).
2. 438 U.S. 154 (1978).
3. Harris, 184 S.W.3d, at 810.
4. Id., at 814 ("Officer X" refers to Morton.).
5. Franks, 438 U.S., at 155-56.
6. Cates v. State, 120 S.W.3d 352, 356 (Tex. Cr. App. 2003) (quoting Ramsey v. State, 579 S.W.2d 920, 922-23
(Tex. Cr. App. 1979)).
7. Franks, 438 U.S., at 171.
8. Harris, 184 S.W.3d, at 806-07.