# NO. 12-09-00194-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROBERT ALBERT MITCHELL,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Robert Albert Mitchell appeals his conviction for aggravated assault. In one issue, Appellant argues that the trial court erred by overruling his request for a pretrial evidentiary hearing on the admission of evidence. We affirm.

## BACKGROUND

Appellant was indicted for the offense of aggravated assault after he shot another individual who interrupted a drug transaction he was conducting. During the investigation, a police officer presented two identical affidavits to a magistrate seeking an arrest warrant for Appellant and a search warrant for the home where he lived.[1] In the affidavit, the officer stated that the shooting victim identified Appellant as the shooter. A judge authorized both a search warrant and an arrest warrant. After obtaining the warrants, officers searched the home where Appellant was staying, recovering the rifle used in the shooting and other evidence.

In March 2009, Appellant filed a motion to suppress evidence. He filed an amended motion on May 13, 2009, the day the trial on the merits was to begin. At a hearing on his motion, Appellant argued that he was entitled to a more specialized

---

[1] The affidavits for both warrants are the same. We will refer primarily to the search warrant affidavit because it is the focus of Appellant's argument and because the resulting warrant is what allowed the police to recover important physical evidence.

***Franks*[2]** hearing to challenge the truthfulness or accuracy of the affidavit used to obtain the search warrant. Specifically, he argues that the statement in the affidavit that the victim identified Appellant as the shooter was not an accurate reflection of what the victim had said. The trial court held that the motion was not timely filed, that the motion was prima facie inadequate to require a ***Franks*** hearing, and that Appellant was not entitled to relief even if the procedural inadequacies of his request were overlooked. The trial court overruled the motion to suppress and proceeded with the trial.

The jury found Appellant guilty as charged. Appellant elected to have the trial court assess punishment. He pleaded true to an enhancement paragraph in the indictment in which the State alleged that he had a prior felony conviction. The trial court assessed punishment at imprisonment for fifty years and a fine of $10,000. This appeal followed.

<u>MOTION TO SUPPRESS</u>

In one issue, Appellant argues that the trial court abused its discretion by not holding a ***Franks*** hearing at his request.

**<u>Applicable Law and Standard of Review</u>**

No search warrant may issue unless supported by an affidavit setting forth substantial facts establishing probable cause for its issuance. TEX. CODE CRIM. PROC. ANN. arts. 1.06, 18.01(b) (Vernon 2005 & Supp. 2009). The issuance of a search warrant for "items" requires that the peace officer first present to a magistrate a sworn affidavit setting forth sufficient facts to establish probable cause that (1) a specific offense has been committed; (2) the specifically described property or items to be searched for or seized constitute evidence of that offense or evidence that a particular person committed that offense; and (3) the property or items constituting such evidence are located at or on the particular person, place, or thing to be searched. TEX. CODE CRIM. PROC. ANN. arts. 18.01(c), 18.02(10) (Vernon 2005). Because the Fourth Amendment is an expression of a strong preference for searches conducted pursuant to a warrant, an issuing magistrate's probable cause determination will be upheld "so long as the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing . . . ." ***Swearingen v. State***, 143 S.W.3d 808, 810 (Tex. Crim. App. 2004) (citing ***Illinois v. Gates***, 462 U.S. 213, 234-37, 103 S. Ct. 2317, 2330-31, 76 L. Ed. 2d 527 (1983)).

---

[2] ***Franks v. Delaware***, 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978).

Probable cause to support the issuance of a search warrant exists where the facts submitted to the magistrate are sufficient to justify a conclusion that the object of the search is probably on the premises to be searched at the time the warrant is issued. *See Cassias v. State*, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986); *see also Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007) ("Probable cause exists when, under the totality of the circumstances, there is a 'fair probability' that contraband or evidence of a crime will be found at the specified location.").

The sufficiency of a search warrant affidavit is evaluated by a "totality of the circumstances" analysis. *See Gates*, 462 U.S. at 234, 103 S. Ct. at 2330; *Ramos v. State*, 934 S.W.2d 358, 362-63 (Tex. Crim. App. 1996). A reviewing court may consider only the facts found within the four corners of the affidavit when evaluating a complaint that a search warrant affidavit does not establish probable cause. *See Smith v. State*, 207 S.W.3d 787, 794 (Tex. Crim. App. 2006); *Jones v. State*, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992).

There is an exception to the four corners rule when a defendant properly raises the issue of whether the facts sworn to in the search warrant affidavit are true. The Supreme Court held in *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978), that the Fourth Amendment to the U.S. Constitution permits a defendant to challenge not only the sufficiency of an affidavit used to support a search warrant but also the veracity of the information contained therein. *Franks*, 438 U.S. at 171–72, 98 S. Ct. at 2684–85. In order to require the trial court to hold a hearing on this issue, and to preserve the issue for appellate review, a defendant must

    (1) allege deliberate falsehood or reckless disregard for the truth by the affiant, specifically pointing out the portion of the affidavit claimed to be false,

    (2) accompany these allegations with an offer of proof stating the supporting reasons, and

    (3) show that when the portion of the affidavit alleged to be false is excised from the affidavit, the remaining content is insufficient to support the issuance of the warrant.

*Id.*; *Harris v. State*, 227 S.W.3d 83, 85 (Tex. Crim. App. 2007); *Ramsey v. State*, 579 S.W.2d 920, 922–923 (Tex. Crim. App. 1979).

The "challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine." *Franks*, 438 U.S. at 171, 98 S. Ct. at 2684.

3

**Analysis**

The trial court overruled Appellant's request for a hearing on two independent grounds. First, the trial court ruled that Appellant's filing of the motion requesting a *Franks* hearing on the day trial was to begin was untimely. Second, the trial court held that the request was inadequate to require a hearing. Additionally, the trial court held that even if Appellant had a right to a *Franks* hearing, he failed to establish that probable cause to support the issuance of the warrant was lacking if the questioned portions of the affidavit were not considered.

*Timeliness*

Appellant's original motion to suppress did not specifically allege a *Franks* violation. Appellant did allege that the "search warrant was illegally issued because the issuing magistrate was misled by information in the affidavit that the affiant officer knew was false or would have known was false except for his reckless disregard for the truth."

This meets the first part of what a defendant must offer to be entitled to a *Franks* hearing–an allegation that something in the affidavit is not true–but fails to show what in the affidavit was false, fails to make an offer of proof, and fails to show that probable cause does not exist without consideration of the untrue portion of the affidavit. *See Franks*, 438 U.S. at 171–72, 98 S. Ct. at 2684–85. The court of criminal appeals has held that an identical pleading was insufficient to put a trial court on notice that a *Franks* hearing was requested. *See Harris*, 227 S.W.3d at 85.

Appellant filed an amended motion the day of the pretrial hearing—it was also the day of trial—that addressed the issue more fully. A motion to suppress must be filed seven days prior to the pretrial hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 28.01, § 2 (Vernon 2006). Because Appellant did not file the motion seven days prior to the hearing, the trial court ruled that it was untimely filed and did not consider it. Article 28.01 allows for a late filing when good cause is shown. *Id*. Appellant does not argue that the trial court erred by refusing to consider his amended motion or that good cause existed for the consideration of the untimely motion. Because Appellant does not argue that the trial court erred by not considering anything beyond his first motion, the trial

4

court's ruling can be sustained on the ground that the first motion to suppress was inadequate to require a hearing.[3]

*Probable Cause Despite Questioned Passages*

While he does not argue that the trial court erred by not considering his amended motion to suppress, Appellant does argue that he was entitled to a ***Franks*** hearing after the filing of the second motion and his offer of proof. In his amended motion and with the evidence included in his offer of proof, Appellant alleged that there was a false statement in the affidavit and made an offer of proof as to what was false. This satisfies the first and second showings that a defendant must make. *See* ***Ramsey***, 579 S.W.2d at 922–23.[4]

But Appellant never established that the affidavit without the alleged false statements failed to allege facts sufficient to allow a finding of probable cause. Appellant identifies the following as being untrue: "Ricky stated that an argument started and that it got heated and the black male known as [Appellant] reached in the car and pulled out a gun." In the sentences that precede and follow that sentence, the officer quotes Ricky as having made several other statements, including that Appellant had shot him. However, this presentation of Ricky's statement to the police was contradicted by an audio recording in which Ricky told the officer that he did not see a gun and did not see anything. Appellant's amended motion alleges, in conclusory fashion, that there is not probable cause if the offending sentence is removed. But his motion does not show how this is so.

---

[3] In ***Ramirez v. State***, No. 03-07-00192-CR, 2009 Tex. App. LEXIS 8579, at *6–7 (Tex. App.–Austin Nov. 5, 2009) (mem. op., not designated for publication), the court held that a ***Franks*** claim need not be presented at a pretrial hearing. Our holding does not conflict with this. We merely rely upon Appellant's failure to make an argument that the trial court erred in concluding that the amended motion to suppress was untimely.

[4] The State argues that Appellant did not demonstrate that the officer's statement in the affidavit was intentionally false or made with reckless disregard of the truth. In the affidavit, the affiant officer quotes another officer's interview with the shooting victim. However, it is not clear in the affidavit which of the victim's statements were made to that officer and which were made to the affiant officer. At the pretrial hearing, Appellant presented a sentence in the affidavit in which it appeared that the victim told the affiant officer that he saw Appellant shoot him, along with a recording in which he told the affiant officer that he did not see anything. The affiant officer did not explain the discrepancy at that time and so the trial court was left with an apparent inaccurate statement in the affidavit. We assume for purposes of argument that an assertion that the principal operative fact in an affidavit–in this case, a shooting victim's identification of the shooter–is false is sufficient to at least raise an inference that the drafter of the affidavit was reckless.

In fact, the court concluded that the questioned sentence or series of sentences was not the only basis for a probable cause determination. Within the same affidavit, the officer recounts Ricky's making another identification of Appellant as the shooter. Specifically, at what appears to be another interview, the officer presented Ricky with six photographs, and Ricky picked out Appellant as the person who had shot him. By reviewing the affidavit and considering the evidence adduced at the hearing, the trial court could have reasonably concluded that the photo identification and the recorded interview with Ricky took place at two different times. Accordingly, if the problematic portions of the affidavit were excised, there was still an identification of Appellant as the shooter. In addition, the affidavit included an assessment of the physical evidence observed by the officer–Ricky's gunshot wound and the shell casings–as well as other witnesses who described events immediately before the shooting.[5] Because Ricky's subsequent identification and the additional observations and statements were sufficient to show probable cause, the trial court reasonably concluded that Appellant had failed to show that there was not probable cause without the allegedly false passages in the affidavit.

*Merits*

Finally, the trial court revaluated its ruling following Appellant's offer of proof. Appellant did not suggest, and does not suggest on appeal, that there was additional information he wished to offer had the trial court granted a *Franks* hearing. Accordingly, the trial court had the information it needed to make a ruling on Appellant's motion to suppress. Following Appellant's offer of proof, the trial court stated that the evidence it heard did not change its opinion of the facts. In essence this is a finding that Appellant did not show that the affidavit, omitting the challenged parts, was insufficient to allege probable cause. For the reasons we explained previously, this conclusion is supported by the record.

*Conclusion*

After reviewing the evidence, we hold that the trial court did not err. Appellant's first motion to suppress was inadequate to require a hearing because it contained no more than a generalized statement regarding any inaccurate statements in the probable cause affidavit. *See Harris*, 227 S.W.3d at 85. The second motion to suppress was inadequate

---

[5] Ricky is the only witness mentioned in the affidavit who identifies Appellant as the shooter.

6

to require a hearing because Appellant did not show that the affidavit without the questioned passages was insufficient for the issuing magistrate to conclude that probable cause existed. *Id*. Finally, after consideration of Appellant's offer of proof, the trial court's conclusion that probable cause existed without reliance on the questioned passages in the search warrant affidavit is supported by the record. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court

        **JAMES T. WORTHEN**
Chief Justice

Opinion delivered May 12, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

7