# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00206-CR

**Simon Lee Riley, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
### NO. B-02-0291-S, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Simon Lee Riley guilty of aggravated robbery and assessed his punishment, enhanced by two previous felony convictions, at thirty-five years' imprisonment. *See* Tex. Pen. Code Ann. § 29.03 (West Supp. 2004-05). Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by demonstrating that the only arguable contentions that might support the appeal are ultimately without merit. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

Appellant exercised his right to examine the record and filed a pro se brief responding to the *Anders* brief filed by counsel. Appellant urges that four of the arguable points advanced by counsel are meritorious.

First, appellant asserts that prosecutorial misconduct caused him to withdraw his pro se motion for a speedy trial. The motion was withdrawn one month after it was filed, after counsel was appointed and samples of appellant's hair and blood were taken for DNA testing. At the hearing on appellant's motion for new trial, appellant's trial counsel testified that he had been told by the prosecutor that the samples had been submitted to a lab for testing. In fact, the samples were not sent to the lab until September 2002. Counsel also testified that he and appellant believed that the test results would be exculpatory and would not have opposed any continuance for that purpose.

There is no evidence that the prosecutor deliberately misled defense counsel. Nor is there any evidence that appellant was harmed by the misrepresentation or misunderstanding regarding when the DNA tests would be conducted. Counsel conceded at the new trial hearing that he and appellant wanted the testing, and they would not have insisted that the trial go forward before the testing was done. We agree with appellate counsel that no error is presented.

The second arguable point is that the trial court erred by overruling appellant's motion to suppress the results of the DNA tests, which linked appellant to a bandana found at the scene of the crime. Appellant argued that the affidavits in support of the search warrant applications contained a misrepresentation of fact. Appellant's specific complaint below was that the reference in the affidavits to information received from a confidential informer was written in such a way as

to suggest that the informer witnessed the robbery, when in fact the informer had merely passed along rumors he heard on the street.

The affidavit stated that a confidential informer had provided certain information. The affidavit did not state that the informer had witnessed the crime. We agree with the trial court that there was no misrepresentation of fact. We also agree with appellate counsel that even if the challenged passage is removed from the affidavit, the remaining information stated probable cause for issuing the warrants. *See Franks v. Delaware*, 438 U.S. 154, 171-72 (1978); *Ramsey v. State*, 579 S.W.2d 920, 922-23 (Tex. Crim. App. 1979).

The third arguable point is that the trial court erred by refusing to disclose the identity of the informer. The court conducted an in camera hearing, and we have reviewed the sealed record from that hearing. *See* Tex. R. Evid. 508(c)(2). The officer's in camera testimony is consistent with the information disclosed in open court: the informer was not a party or witness to the crime and had merely passed along hearsay information. The trial court properly concluded that the informer would not be able to give testimony necessary to a fair determination of guilt or innocence.

The fourth arguable point is that trial counsel was ineffective because he did not adequately prepare for trial. At the new trial hearing, counsel was questioned about a list of potential witnesses provided to him by appellant. Counsel testified that either he or a defense investigator spoke, or attempted to speak, to each person on the list. In each case, the witness was either uncooperative or the witness's information was unhelpful to the defense. In his pro se brief, appellant complains of trial counsel's performance in other respects, but none of these matters was raised at the hearing. On this record, appellant cannot overcome the strong presumption that

counsel's conduct fell within the wide range of reasonable professional assistance.  *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

Appellate counsel raises a fifth issue not addressed by appellant in his pro se brief or by the State in its reply brief.  The record reflects that appellant was continuously in jail following his arrest for this offense and is entitled to time credit.  *See* Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a) (West Supp. 2004-05).  The court acknowledged this at sentencing, but the judgment does not contain the time credit.  *See id*. art. 42.01, § 1(18).  The judgment is modified to state that appellant is entitled to 803 days credit for the time spent in jail from the date of arrest, November 2, 2001, to the date of sentencing, January 14, 2004.

We have reviewed the record, counsel's brief, and the pro se brief.  With the exception of the time credit issue, we find nothing in the record that might arguably support the appeal.

As modified, the judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Kidd and Puryear

Modified and, as Modified, Affirmed

Filed:   December 16, 2004

Do Not Publish

4